## STREET ET AL v. STUART ET AL.

1. COURT OF COMMON PLEAS. *Jurisdiction.*
   The court of Common Pleas has no jurisdiction to render a judgment for damages for a wrongful attachment, for more than five hundred dollars. Both verdict and judgment in that court for greater damages than five hundred dollars are void for excess of jurisdiction.

2. SAME: *Practice upon return of excessive verdict.*
   When a jury returns in the court of Common Pleas a verdict for damages above five hundred dollars, the court should inform them of the extent of their jurisdiction and direct them to retire and reconsider the matter.

3. SAME: *Judgment of, void upon its face, quashed on certiorari.*
   A judgment of the court of Common Pleas which is void upon its face for excess of jurisdiction will be quashed on *certiorari*.

4. SAME: *When court abolished; to what court its causes transferred.*
   Upon the abolition of a Court of Common Pleas in which an inquest of damages on a discharged attachment is pending, if the claim on which the suit was instituted be within the concurrent jurisdiction of the Circuit Court and a justice of the peace, and judgment has been rendered on it, the party claiming the damages may transfer the

Street et al v. Stuart et al.

cause either to a justice of the peace or the Circuit Court as he may elect. If to a justice of the peace the recovery of damages can not exceed three hundred dollars exclusive of interest. If to the Circuit Court the jurisdiction will be as unlimited as if the suit had been originally brought there.

APPEAL from *Jackson* Circuit Court.
HON. R. H. POWELL, Circuit Judge.

*Coody*, for appellants :

1. The Court of Common Pleas was a court of superior jurisdiction, and its judgments are not void, only *voidable*. 11 *Ark.*, 519 ; 31 *Ib.*, 83 ; 21 *Ib.*, 367. The court certainly had jurisdiction of the subject matter and parties, and of the assessment of damages on dissolution of the attachment, (*Act* 14 *Dec.*, 1875; *Act Nov.* 10, 1875,) hence if the court erred, it was not in the *assumption* of jurisdiction but merely in its *conclusion* of law on the merits. 28 *Ark.*, 91.

The writ of *certiorari* is simply a common law writ to remove the record of an inferior to a superior court. 1 *Bouv. Dict.*, 215, and can only be invoked to supply appeal or writ of error where none is supplied by law or lost. 11 *Ark.*, 613 ; 14 *Ib.*, 337 ; 21 *Ark.*, 264. When an appeal lies, the writ is wrongfully granted, 17 *Ark.*, 580 ; 25 *Ib.*, 476, and can never be properly granted where there is power to render judgment. 3 *Ark.*, 532 ; 30 *Ib.*, 17. To authorize its issuance the judgment must be void for *want of jurisdiction*, or an *excessive exercise of jurisdiction*, and not for an *excessive amount*. 11 *Ark.*, 519 ; 21 *Ib.*, 475 ; 29 *Ib.*, 173. The judgment must be *void*, not *voidable*. 17 *Ark.*, 440 ; *Gantt's Dig.*, sec. 1196. See also *Ib.*, secs. 1192, 1195 ; 2 *Ark.*, 158. A remittitur for any excess was allowable. 3 *Ark.*, 280 ; 23 *Ib.*, 112 ; 19 *Ib.*, 92.

2. The act abolishing the Court of Common Pleas (*Pamph. Acts*, 1879, *p.* 29) took effect *May 1st.* This action was disposed of at the *April term*, and hence was *not* "*remaining*" but disposed of.

*J. M. Moore* for appellees.

I. The judgment of the Court of Common Pleas was void. 1st, for excess of jurisdiction in amount of the judgment rendered. 2nd, because the assessment of damages was not made *at the time* and *by the tribunal* that tried the attachment. *Act. Dec.* 14, 1875; *Holliday Bros.* v. *Cohen,* 34 *Ark.*, 707.

ENGLISH, C. J. On the twenty-sixth January, 1878, Amanda J. Dailey sued D. L. Ringler, C. E. Street and J. A. McCauley, partners under the firm name of C. A. Street & Co., in the Court of Common Pleas of Jackson county, on a note for $124, on an affidavit that defendants were about to make a fraudulent disposition of their property, and the execution of a code form of attachment bond by Peter B. Dailey and Silvey Stuart as sureties, a writ of attachment was issued, and levied by the sheriff on two rafts of square timber lying in White river.

Defendants made no defense to the note sued on, but they controverted the truth of the affidavit on which the attachment was issued as to the alleged fraudulent disposition of their property.

At the April term, 1878, neither party desiring a jury, the case was submitted to the court, and the court after allowing a credit of $50 on the note, gave judgment in favor of plaintiff for $78 as balance of debt; and upon the evidence introduced on the issue as to the truth of the affi-

20–38

davit, found for defendants, and discharged the attachment; whereupon defendants moved the court to assess the damages sustained by them by reason of the attachment, which motion, by consent of the parties, and permission of the court, was continued until the next term, with leave to either party then to introduce additional evidence on the motion.

At the January term, 1879, some lost papers were substituted, and the case continued on the application of C. E. Street, & Co., for want of evidence.

At the April term, 1879, the case was submitted to a jury, and they returned a verdict assessing the damages of C. E. Street & Co., at $732.00, with interest at six per cent. per annum from the date of the attachment; and the court rendered judgment in their favor against the plaintiff in the suit and Peter B. Dailey and Silvey Stuart, sureties in the attachment bond, for $720.00, with interest thereon at six per cent. per annum from the twenty-eighth of January, 1878, the date the attachment was levied, to the time the judgment was entered.

On the twenty-ninth of April, 1879, an affidavit and motion for an appeal to the Circuit Court were filed by Stuart and Dailey, but no order granting the appeal appears to have been made.

On the first of May, 1879, two days after the affidavit and motion for appeal were filed, the act of March 6th, 1879, abolishing the Court of Common Pleas for Jackson county, and other counties, took effect and went into force. *Acts of* 1879, *p.* 29.

By the 4th section of that act the clerk of the Circuit Court was made custodian of the records of the abolished Court of Common Pleas, and, by the 5th section authorized to issue executions upon its judgments.

On the third of May, 1879, the clerk issued an execution

to the sheriff of Jackson county upon the judgment for damages in favor of C. E. Street & Co., against the plaintiff in the attachment, and the sureties in the attachment bond, which the sheriff levied on goods and lands, and advertised them for sale.

On the tenth of May, 1879, upon the application of Silvey Stuart, the judge of the Third judicial circuit awarded a writ or *certiorari* to the clerk commanding him to make out and certify to the Circuit Court of Jackson county, at its next term, a transcript of the record of the proceedings and judgment of the Court of Common Pleas in the attachment suit, and upon the execution of a supersedeas bond, issued a restraining order.

At the return term, (Sept.. 1879), after motion to quash the writ of *certiorari* had been made by C. E. Street & Co., and overruled by the court, it was agreed by the parties that the transcript of the record of the proceedings and judgment of the Court of Common Pleas, exhibited with the petition for *certiorari*, should be taken as if returned upon the writ.

The facts shown by the transcript are stated above.

The court quashed the judgment for damages rendered by the Court of Common Pleas in the attachment suit, and C. E. Street & Co., appealed to this court.

I. By section 1, article VII of the constitution, the General Assembly may vest such jurisdiction as may be deemed necessary in courts of common pleas, where established.

1. COURT OF COMMON PLEAS Jurisdiction.

By section 32 of the same article, "the General Assembly may authorize the judge of the county court of any one or more counties, to hold severally a quarterly Court of Common Pleas, in their respective counties ; which shall be a court of record, with such jurisdiction in matters of con-

tract and other civil matters, not involving title to real estate, as may be vested in such court.''

By section 14 of the same article the Circuit Courts are vested with a superintending control and appellate jurisdiction over Courts of Common Pleas, and empowered to issue, hear and determine all the necessary writs to carry into effect their general and specific powers, any of which writs may be issued upon the order of the judge of the appropriate court in vacation.

By section 3rd of the act of fourteenth December, 1875, establishing a Court of Common Pleas in the county of Jackson, and in other counties named in the act, it was provided that "said courts shall have jurisdiction of all law actions of contract, either expressed or implied; all actions of replevin, and of actions of damages, either to person or property, or both, where the sum in controversy, exclusive of interest, shall not exceed five hundred dollars; but said courts shall have no jurisdiction of any action where the title to real estate is in controversy, nor of any criminal action, nor of any action or matter where exclusive jurisdiction is given by law to the County Court and Court of Probate." *Acts of* 1875, *p.* 124.

The damages in this case were assessed in the attachment suit under the provisions of the act of tenth of November, 1875. *Acts of* 1875, *p.* 7.

Had the appellants, instead of moving for an assesement of their damages in that suit, on discharge of the attachment, brought suit on the attachment bond, or the common law action of case, for the wrongful suing out of the writ of attachment, in the Court of Common Pleas, they could not have recovered a sum exceeding five hundred dollars for their damages, that being the limit of the jurisdiction of the court.

Street et al v. Stuart et al.

The jury to which the matter of damages was submitted in the attachment suit, under the statute, had no legal power to return a verdict in favor of appellants for a sum exceeding five hundred dollars as damages, and the court had no jurisdiction to render judgment upon the verdict for a larger sum. The verdict for $732.00 as damages, and the judgment of the court upon it for that sum were illegal and void for excess of jurisdiction. *Excessive verdict and judgment void.*

If the jury had not been properly instructed as to jurisdiction, before they retired, when they returned and announced their verdict, the court should not have received it, but should have instructed them that they could not render a verdict for more than $500 as damages, and directed them to retire, and again consider of the matter. This was not done. *2. ——: Practice, when excessive verdict returned.*

If upon the return of the excessive verdict, the court might have disregarded the excess, and rendered judgment for a sum within its jurisdiction it was not done.

Or if appellants might have entered a remittitur for the excess, and taken judgment for the balance, they failed to do so.

Counsel for appellants submits that if appellees had prosecuted their appeal from the judgment of the Court of Common Pleas to the Circuit Court, the judgment would thereby have been opened, and the matter of assessing the damages stood for trial anew in the Circuit Court on the appeal, and that on such trial a verdict and judgment might have been rendered for an amount of damages within the jurisdiction of the Court of Common Pleas.

This may be true, but though appellees filed an affidavit and motion in the Court of Common Pleas, for an appeal to the Circuit Court, no appeal was granted, and hence they could prosecute none. *Ferguson, et al, v. Doxey, 33 Ark.,* 663.

Street et al v. Stuart, et al.

The act abolishing the Court of Common Pleas having gone into force two days after the appeal was prayed, and no appeal having been granted, it could not have been granted after the court ceased to exist.

3. ——: Judgment of, void on its face,quashed. Execution having been issued by the clerk of the Circuit Court under a provision of the repealing act, upon the judgment for damages, appellees had no other remedy at law, than to apply to the circuit judge for *certiorari*, and the judgment being on its face void for excess of jurisdiction, the Circuit Court on the return of the writ properly quashed it.

The judgment of the Circuit Court quashing the judgment of the Court of Common Pleas for damages must be affirmed.

4. ——: When Court abolished, to what and causes transferred. II. The matter of damages in the attachment suit, will stand, on this affirmance, as if there had been no inquest and judgment thereon in the Court of Common Pleas, at the time the court was abolished.

The assessment of damages under the act of tenth November, 1875, on the attachment bond, is an incident to the attachment suit.

The note on which the suit was brought was for $124, and is within the concurrent jurisdiction of a justice of the peace and the Circuit Court. Under provisions of the act abolishing the Court of Common Pleas, appellants may obtain and file a transcript of the record of the orders and proceedings of the Court of Common Pleas in the attachment suit, with the original papers, before a justice of the peace, or in the Circuit Court at their election, and have an inquest of damages. If they elect to file the transcript and original papers before a justice of the peace, the assessment of damages cannot exceed three hundred dollars, excluding interest, that being the constitutional limit. If they elect to file the transcript and papers in the Circuit

Court for the inquest of damages, the jurisdiction will be as unlimited as if the attachment suit had been originally brought in that court. Such, in effect, are the provisions of the act abolishing the Court of Common Pleas.

Affirmed.