SAXON v. FOSTER.

Opinion delivered November 16, 1901.

JURY—VERDICT—RECONSIDERATION.—It is error to refuse to a jury permission to retire and reconsider their verdict where, on hearing it read by the clerk, they state to the court that it is not their verdict.

Appeal from Union Circuit Court.

CHARLES W. SMITH, Judge.

*Thornton & Thornton,* for appellants.

Until a verdict is received and recorded, it is without force or validity. Thompson, Trials, § 2635; Proffatt, Jury Trials, § 449; 33 Kan. 145; 31 Ark. 198. The verdict must be returned as the law directs. Sand. & H. Dig., § 5828. If a juror dissent, there is no verdict. 31 Ark. 199; 110 Pa. St. 387. And the entire jury should be sent back for deliberation. 63 Ala. 97; 31 Ga. 641; 41 Kan. 345; 3 Johns. (N. Y.) 255; 2 Wend. (N. Y.) 352; 20 Tex. 320; 52 N. Y. 437; 52 Pac. Rep. 391; 24 Hun (N. Y.), 181; 7 Johns. (N. Y.) 32; 6 Johns. 68; 2 Ala. 744; 70 N. W. Rep. 332. The jury have full power over the verdict, and may amend it or recede from it at any time before it is recorded, and they are discharged from the case. 49 Ark. 195; 30 Ark. 511.

BUNN, C. J. This is suit in the Union circuit court by the appellee against appellant for the value of timber cut and sold off of her land by him. Judgment for $93.29 against defendant, and he appeals to this court.

The only question for our consideration in this case is as to the verdict of the jury and the judgment thereon. The suit was for $885, but the proof as to the quantity and value of the timber sold by defendant showed that he had sold in all $278.65 worth of timber. It also showed that defendant had paid out to redeem the land for plaintiff the sum of $284, and that plaintiff had repaid him $109 of this latter sum. Defendant claimed $35 for his services, which plaintiff refused to pay, and alleged she did not owe, and that, if she did owe it, it was an offset to her account, but was barred by the statute of limitations of three years. On the other hand, defendant claimed that he had tendered plaintiff the sum of $103.65 less the set off of $35, that is, the sum of $68.65, and this tender was admitted to have been made and refused, the $35 being the matter in dispute. If this $35 was really due the defendant, and was not barred by the statute of limitations, the tender was sufficient to settle the just claim of plaintiff exactly, and as the tender seems to have been made before suit was brought, this would leave the cost to be paid by plaintiff. Otherwise, the cost would follow the judgment, which in such case would be against the defendant.

Such, substantially, is the case as made out by the evidence pro and con. The court instructed the jury by eight instructions, as asked by plaintiff, five as asked by defendant, and modified one as asked by defendant. Among the instructions given the court gave the following on his own motion: "The jury must find for the plaintiff in the sum of $93.29, less any amount they may find that plaintiff was due defendant."

The jury, after being out some time, returned into court and informed the court that they had agreed on a verdict, and handed to the clerk a paper upon which was written their verdict, which the latter read as follows: "We, the jury, find for the plaintiff $93.29, the amount tendered by the defendant. [Signed] P. F. Mathews, Foreman."

"It is therefore considered, ordered and adjudged by the court that the plaintiff, Packard E. Foster, have and recover of and from the defendant, E. F. Saxon, the sum of ninety-three and twenty-nine one-hundredths dollars, together with all costs in and about this cause expended." "To which the defendant excepts."

The defendant filed his motion for new trial, as follows, to-wit: "(1) That the verdict returned into this court is not the verdict of the jury. (2) That the court erred in refusing to let the jury retire for the purpose of amending their verdict, when they requested to be allowed to do so before the verdict was recorded or the jury discharged. (3) That the court erred in refusing to let the jury return to further consider of their verdict, when informed by them, before the verdict was recorded or they discharged, that the paper held by the clerk, and claimed to be the verdict in this cause, was not their verdict, and that they desired to return to their room for the purpose of rendering a different verdict, as is shown by the affidavit of said jurors hereto attached, and made part of this motion. (4) The court erred in refusing instruction No. 1, asked by defendant," etc.

These statements of this controversy were the occasion of two bills of exceptions, as touching the subject, one certified by the judge and the other by bystanders. But they are not materially different for the purposes of determining the question involved.

The record of the bill of exceptions, as signed by the judge, recites: "After the same (the verdict) was read by the foreman and by him handed to the clerk, the court directed the clerk, on motion of the plaintiff, to enter a judgment against the defendant

for $93.29 and the costs. Whereupon one of the jurors said: 'That is not our verdict. It is our intention that Mr. Saxon should pay the costs,' and asked the court that the papers be handed back to them, and that they be permitted to retire and further consider of their verdict. This request the court said it was willing to grant; but on account of objections by Col. H. P. Smead, attorney for the plaintiff, it was denied. The judge adds this, as we take it: "I am not certain whether the jury had then been told to go. The court refused permission to the jury to return another verdict. This was all before the verdict was recorded."

The rule is that the jury should, under such circumstances, be permitted to return to their room and reconsider their verdict. Sand. & H. Dig., § 5828. In fact, this is a privilege accorded all deliberate bodies, so far as we can find. There may be something in this instance which induced the learned judge to withhold his permission, on his attention being called more particularly to the subject by objections on the part of plaintiff's counsel. It may be that it appeared to him that the jury could not have changed the verdict without violating some rule of practice. Of this we cannot know. If any such difficulty was in the way, however, it would have been best to first let the jury reconsider and revise their verdict, and the question of their power to do so could then be raised, on the return of the revised verdict. At all events, we are of the opinion that the court should have granted the request of the jury, and for failing to do so the judgment is reversed, and the cause remanded for a new trial.