CLIFT v. JORDAN, ADMINISTRATOR.

4-6967                                        168 S. W. 2d 403

Opinion delivered February 8, 1943.

*Barber, Henry & Thurman,* for appellant.

*Wm. H. Glover, Joseph W. McCoy* and *D. D. Glover,* for appellee.

CARTER, J. This is a suit for damages arising out of an automobile accident. Three vehicles were involved. The plaintiffs, and a boy who was killed and whose administrator is one of the plaintiffs, were all in a pas-

senger car driven by F. D. Parker, Jr. One of the vehicles was a truck belonging to the appellant, J. C. Clift, and operated at the time by his employee, Jack Stiles. The third car was occupied by some people named McCleod.

The appellant's truck was driving south on highway 67 through Malvern and was stopped at the curb. The plaintiffs, in the Parker car, claimed they were following immediately behind the truck, that the truck was suddenly stopped without any warning signal being given, that the Parker car turned out to pass the truck and was hit by the McCleod car and knocked into the back of the truck.

The plaintiffs brought suit against Clift, the owner of the truck, and against the McCleods, alleging negligence on the part of the operators of both the truck and of the McCleod car.

There was conflicting testimony as to whether the truck was negligently stopped. There was a sharp conflict in the testimony as to the actions of the McCleod car. The jury found for the McCleods and against the defendant, Clift. Clift has appealed from the judgment against him.

It was the contention of Clift that his truck had been stopped and parked at the curb, and that the driver, Stiles, had gotten out of it before the Parker and McCleod cars got anywhere near it. He also denied that the truck had been stopped suddenly or without signal.

The accident happened on December 24, 1941. Suit was filed on March 9, 1942, and service of process was had on the defendant, Clift, on March 10, 1942.

Prior to the trial, Stiles, the driver of Clift's truck, had moved to California and had gone to work at a defense plant. He was not present at the trial and his deposition was not taken. He was the defendant's only witness—the only one who could testify as to what he was doing at the time of the collision.

The case was tried at what seems to have been an adjourned term of court. The next regular term was in July. On April 13, 1942, the defendant appeared and

filed a motion for continuance to enable him to secure the attendance of Stiles or to take his deposition. On the same day, April 13th, the cause was set for trial on April 22, 1942. On the 22d the defendant appeared and renewed his motion for continuance, and in support thereof he showed the following facts:

On April 13th, defendant had tried to reach Stiles by telegram and, getting no answer, he later wired him again. On April 15th, defendant received a telegram from Stiles saying it would cost $225 for him to come to Malvern. The defendant then began arrangements to take Stiles' deposition on interrogatories. The direct interrogatories were prepared on April 15th. On April 16th the defendant's attorney went to Malvern to get the plaintiffs' attorney to prepare cross-interrogatories and to sign an agreement for the taking of depositions. The plaintiffs' attorney was absent and the papers were left for him to attend to. On April 18th the papers were returned to the defendant's attorney, but the plaintiffs' attorney had failed to sign the agreement and he had to be contacted again. The papers finally started for California by air mail on April 18th. At the trial, four days later, the deposition had not been returned. Information seems to have been received later that Stiles would be present at the trial. Efforts were made by the sheriff and by relatives of Stiles to locate him in Malvern, but he was never located and the defendant was forced to go to trial without the benefit of his testimony.

When the motion for continuance was again presented, on April 22d, the plaintiffs' attorney agreed to admit that Stiles, if present, would testify to the statements set forth in the motion for continuance. Thereupon the attorneys for the defendant, McCleod, stated they would not make any such admission and that they did not believe that Stiles, if present, would testify to such statements. Thereupon the court overruled the motion for continuance and the case was tried.

There was a sharp conflict in the testimony as to whether or not the accident was due solely to negligence on the part of the driver of the McCleod car. The plaintiffs' testimony was to the effect that the Parker car was

following immediately behind the truck, that the McCleod car was apparently following the Parker car, that the truck stopped suddenly and without any warning having been given, that the Parker car had to pull out and around the truck and that, as it did so, the McCleod car negligently tried to pass the Parker car and struck it and knocked it into the back end of the truck. The Parker car could have cleared the truck if it had not been hit by the McCleod car. The occupants of the McCleod car testified that that car had passed the Parker car and was directly behind the truck and, when the truck stopped the McCleod car pulled out to go around it and the Parker car, coming from behind, hit the McCleod car and skidded into the truck. Clift, the owner of the truck, contended, and set up in his motion for continuance, that Stiles would testify, if present, that he had carefully parked the truck in a proper place and had alighted therefrom before the Parker and McCleod cars got anywhere near it.

It thus appears that there was a sharp conflict in the evidence and a serious issue as to whether the accident was due to an improper stopping of the truck or was due solely to improper conduct on the part of the driver of the McCleod or Parker cars. There was an adverse interest between the defendant Clift and the defendants McCleod as well as between the defendant Clift and plaintiffs.

This court finds that the trial court erred in not granting the defendant a continuance to permit him to secure the attendance or the deposition of the witness, Stiles. For this error the judgment will be reversed and the case remanded for a new trial.

Plaintiffs waited until two and one-half months after the accident before filing suit. The defendant was forced into trial one month and twelve days after service of process upon him and without the benefit of the testimony of his only witness, and without a reasonable opportunity to secure that testimony. These are not normal times. This witness was working in a defense plant and this court will take knowledge of the fact that it is often a difficult and slow process to obtain either

the attendance or the deposition of a witness under such circumstances.

Section 1494 of Pope's Digest does not apply to the facts of this case. That section provides that a trial shall not be postponed because of an absent witness if the adverse party will admit on the trial that such witness, if present, would testify to the statements contained in the motion for continuance. The plaintiffs in this case did make such an admission. The defendants McCleod, however, objected to the statement being introduced and when it was introduced stated in open court that they did not believe Stiles would testify to the facts stated in the motion if he were present. The defendant and the McCleods were adverse parties on this trial. There was a sharp issue as to whether or not the negligence of the driver of the McCleod car was not the sole cause of the accident. There was testimony that it was coming from behind the Parker car at a rate of speed of 45 miles an hour and was trying to pass it. There was a collision between the McCleod car and the Parker car, as a result of which the Parker car was knocked into the back of the truck. The testimony of Stiles might have convinced the jury that the truck had been properly parked before either of the other cars was near it and that the driver of the McCleod car or of the Parker car was solely responsible for the accident.

There were errors also in some of the instructions, and particularly in the instructions as to the form of the verdict, which errors must have confused the jury as to the recoveries which might be had by the administrator of the boy who died as a result of the accident. Our statutes provide for two distinct causes of action in the event of a wrongful killing. Both actions are brought by the administrator, if there is one. Section 1278 of Pope's Digest gives a cause of action for the benefit of the widow and next of kin to recover for the pecuniary loss to them resulting from the wrongful death. This is not a recovery by or for the estate. If there is an administrator the suit is in his name, but the recovery is not for the estate but is for the next of kin. If there is no personal representative the heirs may bring this suit

direct. Section 1277 of Pope's Digest gives a different cause of action to the estate for the damages suffered by the deceased prior to his death. The usual example of this is a recovery by the estate for the conscious pain and suffering of the deceased prior to his death. (Another form of action is provided by § 9124 of Pope's Digest, but this has no application here.) In the case at bar, the distinction between these two causes of action was not preserved in the complaint nor in the instructions as to the measure of damages, and the prescribed form of verdict allowed recovery only for the benefit of the next of kin. If, on a retrial, recovery is sought on both causes of action, the distinction between them should be made clear.

The judgments for the plaintiffs are reversed, and the case remanded for a new trial.

McFADDIN, J., dissents.

McFADDIN, J., (dissenting). I respectfully dissent from the views expressed in the opinion of the majority; and the reasons of my dissent are as follows:

1. The granting or refusing of a continuance is a matter within the discretion of the trial court; and this court will interfere only when there is a clear abuse of discretion. See West's Arkansas Digest, "Appeal and Error," § 966. I see nothing to indicate any abuse of discretion. The trial judge saw the parties first-hand. We see only the printed page. It is going too far too suddenly to hold that the trial judge abused his discretion in this case.

2. The testimony of Stiles, the driver of the Clift truck, was cumulative; and therefore the continuance could have been properly refused. Mrs. M. L. Greer was called as a witness by the defendant, and she testified that she saw Stiles drive up in the Clift truck, and she also testified as to the manner of his stopping. Alfred Greer, her son, likewise, testified for the appellant to practically the same effect. So Stiles' testimony was only cumulative, even if due diligence had been used to secure his presence or his deposition.

3. Under § 1494 of Pope's Digest, the plaintiff had the right to defeat the motion for continuance by admitting that, on the trial, Stiles, if present, would have testified to the statement contained in the motion for continuance. The plaintiff made this admission, and the statement contained in the motion for continuance was read to the jury. Thus the plaintiff fully complied with the statute and had an absolute right to have the continuance denied. The defendant, McLeod, was not a party to the motion for continuance, and had previously announced ready for trial. While the attorney for McLeod objected to the motion being read, nevertheless the statement was read in evidence. There is nothing in the statute which says that the court must grant a continuance between the interested parties because some third party ineffectually objects to the reading of the statement.

I think the verdict in one particular was grossly excessive; but this could be cured by a conditional remittitur rather than to unconditionally force the parties to expend time and energy in a new trial—especially when we need all available man power in camps and war plants.

Therefore, I respectfully dissent from the views expressed in the majority opinion.