CLIFT v. JORDAN, ADMINISTRATOR.

4-7317                                     178 S. W. 2d 1009

Opinion delivered April 3, 1944.

*Barber, Henry & Thurman* and *W. H. McClellan,* for appellant.

*W. H. Glover, Joe McCoy* and *D. D. Glover,* for appellee.

SMITH, J. The conflicting testimony as to the facts out of which this litigation arose is summarized in the opinion on a former appeal in this case, *Clift* v. *Jordan,* 205 Ark. 245, 168 S. W. 2d 403.

The judgment in that case was reversed for the reason that a continuance should, in our opinion, have been granted on account of the absence of one Stiles, whose testimony was desired by appellant. We said in that opinion that there were also errors in some of the instructions, particularly as to the forms of the verdict to be returned, and the case was remanded for a new trial. At this trial, from which is this appeal, the witness, Stiles, appeared and testified, and the cause was submitted to the jury under instructions to which no objections are now urged.

The reversal of this second judgment is asked upon the ground that a verdict should have been directed for the defendant, the appellant here, and because of the action of the court in permitting the jury to amend the verdict first returned.

It was insisted upon the former appeal that the judgment should not only be reversed, but that the cause should be dismissed. We did not sustain that contention, for the reason that, in our opinion, a case had been made for submission to the jury, and the testimony on this appeal is not substantially different from that offered at the first trial.

The cause was tried at both hearings upon the theory that the appellant's truck had been stopped suddenly and without warning, or notice, that it would do so, and the instructions required the jury to find, before returning a verdict for the plaintiff, that this was true, and that this negligence was the proximate cause of the injury sued for. The testimony, as appears from the opinion on the former appeal, is legally sufficient to sustain this finding by the jury, which resulted in verdicts for the plaintiffs, and we, therefore, decline to dismiss the cause.

The verdict finally returned by the jury, upon which the judgment was rendered, from which is this appeal, reads as follows:

"We, the jury, find for all of the plaintiffs and assess their damages against the defendant, J. C. Clift, as follows:

"For F. D. Parker, Jr., the sum of .................. None
For Norma Lee Walters, the sum of ...........$ 100.00
For Ernestine Bailey, the sum of ..................... 100.00
For Laverne Crutchfield, the sum of ............ 100.00
For W. H. Jordan, Administrator of the Estate of James Jordan, Deceased, the sum of ......................................................... 1,150.00

For W. H. Jordan, Administrator of the Estate of James Jordan, Deceased, for the benefit of his father, the sum of ........ 1,600.00"

It will be observed from this verdict, as was stated in the former opinion, that the administrator of James Jordan, who was killed in the collision with appellant's truck, sued upon two causes of action, one being for the benefit of the estate of James Jordan, to compensate his pain and suffering after the collision until his death, which occurred two days later. The recovery on this account was for the sum of $1,150, and the testimony amply sustains that verdict, and would have sustained a much larger one. The second cause of action sued on by the administrator of James Jordan was for the loss of contributions to the father, who was the administrator of the deceased, and the recovery on this account was for the sum of $1,600.

Before the cause was submitted, the complaint had been amended to reduce the recovery sought on this account to that sum.

The verdict first returned upon the causes of action by the administrator read as follows:

"For W. J. Jordan, Admr. of the Estate of James Jordan, Deceased, the sum of ......$ 250.00
For W. J. Jordan, Admr. of the Estate of James Jordan, Deceased, for the benefit of the father, in the sum of ........................... 2,500.00"

Upon the reading of this verdict the presiding judge remarked:

"Gentlemen of the jury, perhaps you all did not remember the sums, or the amounts that I gave you in the instructions. In your verdict for W. J. Jordan, administrator of the estate of James Jordan, deceased, you say the sum of $250. The sum the estate sued for was $20,500. For W. J. Jordan, administrator of the estate of James Jordan, deceased, for the benefit of his father, you say $2,500. They only sued for $1,600. Was the jury mistaken about any of these?"

A colloquy occurred between the court and the opposing counsel, after which counsel for the appellant asked that a mistrial be declared. The court asked if the jury had misunderstood the instructions, and a member of the jury answered, "Yes," whereupon the cause was resubmitted to the jury, over appellant's objections, for such corrections, if any, as the jury cared to make in their verdict, after which the jury again retired and returned with the verdict first herein copied.

This proceeding was unusual, but we are unwilling to say that it was so irregular as to constitute prejudicial or reversible error. Appellant insists that inasmuch as the first verdict returned for the benefit of the estate, which was by way of compensation for the pain and suffering, was for only $250, the second verdict on that account for the sum of $1,150 should be reduced to the extent of the difference between these amounts. We are asked to reduce this judgment by the amount of this difference, which is $900.

It will be observed that the first verdict for the loss of contribution to the father by his son was for $2,500, which is $900 in excess of the amount sued for on that account, so that the net recovery for the administrator on both counts was the same in the two verdicts, but for different interests, their total in each instance being $2,700.

The verdicts of a jury should in any and all cases reflect the true and correct and final conclusions of the

jury, and if before discharging the jury it was made known to the court that the jury had misunderstood the instructions, no error is committed in permitting the jury to further consider their verdict, after the instructions have been explained. *Street* v. *Stuart*, 38 Ark. 159. It was held in the case of *Saxon* v. *Foster*, 69 Ark. 626, 65 S. W. 425, that it was error to refuse to a jury permission to retire and reconsider their verdict, where, on hearing it read by the clerk, they state to the court that it is not their verdict. See, also, *Levells* v. *State*, 32 Ark. 585; *Hamer* v. *State*, 104 Ark. 606, 150 S. W. 142. There is an extensive annotation of this question in the case of *Abraham* v. *Superior Court*, 50 R. I. 207, 146 Atl. 617, 66 A. L. R. 533. The action of the court was authorized by § 1525, Pope's Digest.

No error appearing, the judgment must be affirmed, and it is so ordered.