## WOLFE v. STATE.

## Opinion delivered February 10, 1913.

1.  VENUE—MOTION FOR CHANGE OF—DISCRETION OF COURT—EVIDENCE.—When defendant filed a motion for change of venue with supporting affidavits, and the court examined the affiants orally, it was no abuse of the court's discretion to overrule the motion, when the knowledge of affiants did not extend to the whole county, and their examination did not disclose any such state of prejudice existing in the district as would prevent the defendant from receiving a fair and impartial trial therein.   (Page 30.)

2.  LIQUORS—VENUE—SELLING WITHOUT A LICENSE.—Selling liquor without a license on a boat west of the middle of the Mississippi river, off the shore of Mississippi county, is selling liquor in Arkansas without a license.  *Kinnanne* v. *State*, 106 Ark. 286, cited and approved.   (Page 30.)

3.  JUDGMENTS—RECORDS OF COURT—PROOF OF SAME—EVIDENCE.—In a trial under an indictment for selling liquor without a license it is competent to show that defendant has been twice convicted of the same offense, and the clerk of the circuit court may read in evidence the records of said court showing the judgments rendered upon the former trials.   The judgment of one conviction may be read in evidence, although not written on one page of the record.   (Page 31.)

4.  BILL OF EXCEPTIONS—PURPOSE OF.—The office of the bill of exceptions is to bring upon the record matters which do not appear upon the judgment roll or record proper, and errors which were committed by the court on the trial, not mentioned in the bill of exceptions, can not be reviewed on appeal, although set out in the motion for a new trial.   The use of the bill of exceptions is to assign errors already committed by the court, except when relief is asked because of newly discovered evidence.   (Page 32.)

Appeal from Mississippi Circuit Court, Osceola District; *W. J. Driver*, Judge; affirmed.

*Appellant pro se.*

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for appellee.

KIRBY, J. This appeal comes from a judgment of conviction of the appellant for selling liquor without license, and fixing the punishment at a fine of $200 and three months in jail, it being the third offense of like kind.

It is contended for reversal that the court erred (1), in denying the motion for a change of venue; (2) in its rulings in giving and refusing instructions, and in the admission of testimony and also, (3) that the testimony is not sufficient to sustain the verdict.

The court's action in refusing to declare a juror incompetent and in permitting certain alleged improper arguments by the prosecuting attorney are also assigned as error in the motion for a new trial.

The motion for a change of venue was supported by the affidavits of two persons, whom the court examined orally to test their credibility. The most that developed upon the examination was that a good deal of prejudice existed in the county according to the statements of these affiants against the "Whisper" line of steamboats, rather than against Captain Wolfe, the defendant. The knowledge of the affiants did not extend to the whole county, and their examination did not disclose any such state of prejudice existing in the district, as would prevent the defendant receiving a fair and impartial trial therein. No abuse of discretion by the trial court is shown in the denial of the motion, and no error was committed in overruling it. *Bryant* v. *State,* 95 Ark. 241; *Ford* v. *State,* 98 Ark. 141; *Jones* v. *State,* 101 Ark. 441.

The court's instructions correctly declared the law relative to the State's eastern boundary as heretofore laid down in the case of *Cissell* v. *State,* 40 Ark. 504, recently approved and followed in the case of *Kinnanne* v. *State,* 106 Ark. 286.

The witnesses stated that they got on the boat at Wilson's landing, and after it left the shore, bought whiskey and beer of the defendant on the deck thereof.

Their testimony is somewhat conflicting as to the exact location of the boat at the time of the purchase. The river is 7,000 feet wide from the Arkansas bank to the north end of the towhead or sandbar west of the chute between the sandbar and island 35, in Tennessee. The chute between the sandbar and the island is 1,100 feet wide, and, according to the map in evidence, the sandbar or towhead is 2,900 feet wide. The jury might have found from the testimony that the sale occurred much nearer the Arkansas bank than the sandbar even; one of the witnesses in one of his statements, saying that they were not much further than 100 yards from the Arkansas bank, but, as said, each witness made conflicting and unsatisfactory statements as to the exact location of the boat. In any event, it can not be said, under the law of the case that the sandbar is not a part of the main channel of the Mississippi River for the determination of the boundary at this point, there being between it and the island another channel 1,100 feet wide and beyond the island still another channel between it and the Tennessee bank. Appellant contends that the channel between the island and the Arkansas bank is the main channel, and, as already said, there is no reason to exclude the sandbar, or towhead, from the main channel in the application of the law as to the boundary, and even if it be done and the western edge of the sandbar regarded as the Tennessee bank, which, of course, it can not be, still, the testimony is sufficient to show that the sale occurred nearer to the Arkansas bank than the sandbar, and the testimony is sufficient to sustain the verdict on that point.

It is next insisted that the court erred in the admission of testimony relative to the former convictions of appellant. The deputy clerk, who wrote the record of the court, was permitted to bring the record into court, and refer to the pages thereof, and the judgments and testify that at former terms of the court, Captain Wolfe, who was the same person as Joseph Wolfe, the appellant herein, had been twice convicted of selling liquor without license. One of these judgments was especially objected

to, because the latter part of it was separated from the beginning by two pages of the record.

Certainly the custodian of the court's record in the court in which the record was made could read the contents of it in another trial therein to the jury, and there was no error committed in permitting the judgment of one conviction to be read because it did not all appear upon one page of the record. Even if there had been other orders or matters upon the pages of the records between the beginning and the concluding part of the judgment of conviction, which the transcript in this case does not disclose, it would not have affected the validity of the judgment. *Fiddyment* v. *Bateman,* 97 Ark. 80.

The proof is amply sufficient to show the conviction of appellant of two similar offenses at former terms of the court, and the policy of the law being to discourage the violation of a statute by the infliction of a greater penalty for the third offense under the conditions herein shown, warranted the finding of the verdict of guilty.

No mention is made in the bill of exceptions other than as it appears in the motion for a new trial of the statements complained of made by the juror on his examination nor of the remarks of the prosecuting attorney in argument now objected to. If any error was committed by the court relative to either of these matters, it can not, on that account, be reviewed here. It is the office of the bill of exceptions to bring upon the record matters which do not appear upon the judgment roll or record proper, and motions for a new trial can not be used for that purpose. Its use is to assign errors already committed by the court, except when relief is asked because of newly discovered evidence as provided in section 6215, of Kirby's Digest. *Foohs* v. *Bilby,* 95 Ark. 303; *Cox* v. *Cooley,* 88 Ark. 350; *Cravens* v. *State,* 95 Ark. 321.

Finding no prejudicial error in the record, the judgment is affirmed.