## STONE v. BOWLING.

4-4047

Opinion delivered November 11, 1935.

*Northcutt & Northcutt*, for appellant.

*N. P. Ford* and *Oscar E. Ellis,* for appellees.

BAKER, J. Judgment was rendered in this case in a justice of the peace court. There was no appeal from the original judgment. Garnishment was issued out of the justice of the peace court and served on the Bank of Salem to require the bank to answer and account for funds alleged to be held by it as belonging to the appellant, W. J. Stone. Stone filed a statement or answer, in the garnishment proceeding, setting up that the money he had on deposit in the Bank of Salem was part of the proceeds from the sale of his homestead in said county, and that it was on that account exempt from seizure. This claim of exemptions was overruled by the justice of peace, and an appeal taken to the circuit court. There it appears that certain evidence was heard upon the trial of the case, and the circuit court again denied the allowance of the claim of exemptions. It is here on appeal.

Appellant has furnished us with a somewhat defective abstract. Our attention is directed to the fact that the appellant has failed to abstract or set out any motion for a new trial. Except for one matter this leaves us without anything for consideration. In appellant's brief there is set out what purports to be the judgment rendered by the circuit court, and this contains a statement of facts as found by the court. The correctness of this abstract and statement as to facts made by the court is not questioned by either appellant or appellee. Appellant, however, does question the declarations of law made as applicable to the said facts, and it is upon this proposition only that we can give this appeal consideration.

We quote from a portion of the facts as found by the court: "It seems to the court that the facts in this case are undisputed. Mr. Stone owned a homestead; it was the home of himself and his family. There was a mortgage against it for approximately four hundred dollars ($400). The value of the property, judging from the sale price, was about nineteen hundred dollars ($1,900). Ordinarily the eighteen acres in excess of the legal homestead would not be presumed to be worth more than the four hundred dollars ($400) that was against the homestead. This homestead was sold, and a portion of the proceeds apparently deposited in the Bank of Salem, the garnishee in this action. At the time of the issuing of the garnishment, and at the time of the trial of the garnishment in the lower court, Mr. Stone says he had no intention to acquire any further homestead, but that now he has such intention. As the court understands the law, Mr. Stone had a right to a homestead as long as he owned it, as long as he was a married man, the head of a family. The fact that his wife died and the fact that he became a single man by reason of his wife dying wouldn't destroy that homestead as long as he kept it, if he wanted to, until he became a married man or the head of a family. So, the question of his intention goes out of the question and out of the case, even if he intended now to acquire a homestead because he could not acquire it. Under the facts of the case involved, it is not for the determination

of the court as to whether or not the proceeds of the sale of a homestead are exempt when such proceeds are in the hands of a person who cannot acquire another homestead. The court doesn't believe that such proceeds are exempt under the law, and if he should buy other land it would be subject to execution, because it wouldn't be a homestead, and I believe, gentlemen, under the undisputed facts, the court will have to uphold the garnishment and the schedule is disallowed.''

This court is bound by the lower court's findings of fact, which are conclusive here, because neither the evidence nor its sufficiency can be questioned in the state of this record. The motion for a new trial would have properly brought these matters here on appeal if one was in fact filed. Appellant's abstract shows none.

It must appear therefore that if any of these facts, as found by the court, are sufficient to justify the court in overruling the appellant's claim of exemption, the case should be affirmed.

No other facts, except those that appear in the judgment, are subject to review or consideration by us, but because of the facts that appear in the judgment as findings by the court, we overrule the motion of the appellee to affirm for failure to abstract or set out a motion for a new trial. This holding does not contravene the announcement in the case of *Sublett* v. *Sublett,* 133 Ark. 196, 202 S. W. 233.

We may determine if there is any error upon the face of the record. The court makes certain these facts: The appellant had been the owner of a homestead. He had sold the same, deposited a part of the proceeds of the sale in the bank. At the time of the garnishment he was not intending to use the money in the acquisition of any new homestead. We must, and do presume, as above stated, that these facts are supported by the evidence.

The effect of the foregoing is that the appellant had, by the sale and by his conduct or declarations, made certain the fact of his abandonment of the homestead right. Once the homestead has been abandoned, it cannot be resumed by declaration of a change of mind or intention.

That is to say, after abandonment of the homestead right, a mere declaration of a desire to purchase a homestead cannot amount to a new acquisition.

"Abandonment of a homestead depends almost exclusively on the intent of the owner as revealed by the facts and circumstances of each particular case." *Wooten* v. *Farmers' & Merchants' Bank,* 158 Ark. 179, 249 S. W. 569; *Beeson* v. *Byars,* 187 Ark. 966, 63 S. W. (2d) 540.

The judgment is therefore affirmed.