AYER-LORD TIE COMPANY v. GREER.

Opinion delivered October 19, 1908.

87    543
f88    352

1. APPEAL—NECESSITY OF BILL OF EXCEPTIONS.—Error of the court in refusing to transfer a law case to equity will not be considered if there is no bill of exceptions, as in its absence it is impossible to determine whether the judgment appealed from was prejudicial to appellant. (Page 544.)

2. ACTIONS—TRANSFER TO EQUITY.—In replevin to recover certain cross-ties, a cross bill which alleged that plaintiff's title to the land from which the ties were cut constituted a cloud upon defendant's title, and asked that the cause be transferred to equity and the cloud removed, raises an issue not germane to the question to be tried, and it was not error to refuse to transfer the cause to equity. (Page 545.)

3. BILL OF EXCEPTIONS—AFFIDAVITS OF BYSTANDERS.—A bill of exceptions signed by bystanders will not be considered on appeal where it does not appear that it was first presented to the circuit judge and was rejected by him. (Page 545.)

Appeal from White Circuit Court; *Silas D. Campbell,* Special Judge; affirmed.

STATEMENT BY THE COURT.

This is a suit in replevin brought by appellee against appellants for certain cross ties. The appellee claimed to be the owner of the ties by virtue of his alleged ownership of the lands from which the ties were cut. The appellants answered, setting up title to the land in appellant L. A. Smith, from whom the timber was bought, and averring that appellee held under a void tax deed, that the deed was void because the land was sold for the taxes of 1892 at a sale in June, 1893, and the clerk failed to authenticate the delinquent list by making the affidavit required by law, and failed to record same, and failed to publish the delinquent list as required by law; and alleged various other illegalities in the tax sale. Appellants asserted that such alleged void tax deed was a cloud on the title of L. A. Smith, to such an extent that his title was not merchantable. They asked that Smith's title be quieted, and that the cause be transferred to equity, so that appellee's tax deed might be cancelled, etc.

A motion was made to transfer the cause to equity, which

was overruled, and to which ruling the appellant excepted, and had his exceptions noted of record.

The record shows that the cause then progressed at law, the issues being submitted to the jury, "who, after hearing the testimony of witnesses, arguments of counsel and the instructions of the court," returned a verdict for the appellee. The record shows that a motion for new trial was filed and overruled, and the record recites that "the defendants (appellants) are given sixty days to file their bill of exceptions." The record does not show that any bill of exceptions was presented to and signed by the trial judge and filed by the clerk, as a part of the record. On the contrary, there is an affidavit in the transcript by one of the attorneys for appellants showing why a bill of exceptions was not duly authenticated by the trial judge and filed within the time allowed for its presentation and filing, and there are affidavits to the effect that "the foregoing and annexed statement called bill of exceptions is a true transcript of the evidence in said case which was taken down by the official stenographer of the first judicial circuit, and that same contains all the evidence and exceptions made in the trial of the cause." But there is no "foregoing and annexed statement" called "a bill of exceptions" in the record.

*Cypert & Cypert,* for appellants.

*S. Brundidge, Jr.,* for appellee.

There is no proper bill of exceptions; nothing before the court to review. 42 Ark. 488; 35 Ark. 395; 53 Ark. 415; 58 Ark. 110. A bill of exceptions can be attested by bystanders only when exceptions have been presented to the trial judge and he has refused to certify in the bill the facts complained of. Kirby's Digest, § 6226; 57 Ark. 1; 56 Ark. 594.

WOOD, J., (after stating the facts.) There is no bill of exceptions, and the alleged error of the trial court is therefore not before us for review. *Adler* v. *Conway County,* 42 Ark. 488; *Toliver* v. *State,* 35 Ark. 395; *Watson* v. *Watson,* 53 Ark. 415; *Stinson* v. *Shafer,* 58 Ark. 110. The record proper shows that the cause was heard upon the evidence and instructions of the court. In the absence of a bill of exceptions bringing the evidence and instructions before us for review, it is impossible for

us to say that the verdict and judgment were prejudicial to appellant. The result, for aught that appears to the contrary, should have been the same, even if the cause had been transferred to the equity court.

But the answer of appellants presented no matters of purely equitable cognizance, as in *American Soda Fountain Co.* v. *Futrall,* 73 Ark. 464. See *Daniel* v. *Garner,* 71 Ark. 484. The issue involved on the complaint and answer was the ownership and right to possession of the cross ties. The title to the land from which the timber was cut was only incidental, and could have been shown at law, under the issue raised by the complaint and answer. The cross bill raised an entirely independent issue, one not germane to the question to be tried, namely, the right to the cross ties.

The attempted authentication of the bill of exceptions by two bystanders, under section 6226 of Kirby's Digest, was insufficient. "A bill of exceptions signed by bystanders will not be considered on appeal where it does not appear that it was first presented to the circuit judge and was rejected by him." *Morris* v. *Thomasson,* 72 Ark. 264; *Vaughan* v. *State,* 57 Ark. 1; *Fordyce* v. *Jackson,* 56 Ark. 594.

As appellants have not made it appear that there was any prejudicial error in the ruling of the lower court, its judgment must be affirmed. So ordered.