## Cox v. Cooley.

Opinion delivered December 14, 1908.

1.  Appeal and error—bill of exceptions—amendment.—Where a bill of exceptions shows that the trial court gave oral instructions, but fails .to show any request that they be reduced to writing or any exceptions to the instructions, the bill cannot be amended by motion for new trial, or affidavits attached thereto, stating that a request for written instructions was made or that the oral instructions were excepted to. (Page 351.)

2.  Same—bill of exceptions—affidavit of bystanders.—It is only when the circuit judge refuses to certify a bill of exceptions as presented to him by a party that the latter is permitted to present his contention through the affidavits of bystanders. (Page 352.)

3.  Same—how matters brought into record.—Alleged errors of the trial court in refusing instructions asked by appellant and in permitting improper arguments to be made by appellee's counsel, will not be considered on appeal if they are not shown by the bill of exceptions, even though they are set out in the motion for new trial. (Page 352.)

Appeal from White Circuit Court; *Hance N. Hutton,* Judge; affirmed.

*J. N. Rachels,* for appellant.

Hill, C. J. This is one of those unfortunate cases where a bitter controversy has arisen between neighbors over the ownership of a trivial amount of personal property. It is a replevin suit for the recovery of five pigs. There have been two trials in the circuit court, with opposite verdicts. The plaintiff recovered in the first instance, and his verdict was set aside by the trial judge, and this is an appeal from a verdict in favor of the defendant. The costs as taxed on the transcript amount to $331.40. The record is full of irreconcilable conflicts in the testimony, of impeachment of witnesses by attacks of their character, and of

contradictory statements. It is difficult to find a sadder chapter in the annals of the people.

There is ample evidence to sustain a verdict for either side, and it was just a question which side of the controversy would be believed by the jury. The appeal must be fruitless, for there is nothing properly brought before the court for review.

Appellant questions two instructions given orally by the court, both as to their correctness and as to their being given orally; and the refusal of the court to give three instructions which he alleges were requested; and also alleges that unwarranted and prejudicial arguments were made by the counsel for appellee.

The record shows that the court gave oral instructions, which were set out, but fails to show any request that they be reduced to writing, or exceptions to the instructions. This defect is attempted to be supplied by allegations in the motion for new trial. It is uncertain, even from these allegations, whether exception was taken to the court giving instructions orally, or whether to the correctness of the instructions, or both. The omission to have the exceptions noted in the record is sought to be supplied by an affidavit of the plaintiff and his attorneys verifying the motion for new trial, in which affidavit they state that the "counsel for plaintiff excepted to the giving of such oral instructions, and asked that his exceptions be noted of record with the statement that he believed that said instructions were prejudicial and erroneous;" and this was supported by the affidavit of a juror, who states that the counsel for plaintiff entered objections to the court giving its oral instructions by the court, and asked that his exceptions be noted upon the record.

It is not the office of a motion for new trial to present such matters. Section 6225, Kirby's Digest, provides that where a decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exception to writing and present it to the judge for his allowance and signature. If true, it shall be the duty of the judge to allow and sign it. If the writing is not true, the judge shall correct it or suggest the correction to be made, and when corrected sign it. Section 6226 provides that if the party excepting is not satisfied with the correction, upon his procuring the signa-

tures of two bystanders attesting the truth of his exception as by him prepared, the same shall be filed as a part of the record. But the truth of the exception thus made may be controverted.

If the other inadequacies of this attempt to correct the record be passed by, yet an indispensable requisite is absent. The matter sought to be made a part of the bill of exceptions by the affidavits of bystanders must be presented to the judge and disallowed by him. It is only where the judge refuses to certify a bill of exceptions as contended by the party that he may be permitted to present his contention through bystanders. *Fordyce* v. *Jackson,* 56 Ark. 594; *Vaughan* v. *State,* 57 Ark. 1; *Boone* v. *Goodlett,* 71 Ark. 577; *Ayer-Lord Tie Co.* v. *Greer,* 87 Ark. 543.

The refused instructions do not appear in the record, other than what is alleged to be such refused instructions are set forth in the motion for new trial; and the argument of counsel complained of does not appear in the record, other than as it is set forth in the motion for new trial. The motion for new trial can not be used, and has never been used, to incorporate anything into the record, or any exceptions to anything done by the court. Its sole use is to assign errors already committed by the court, except for newly discovered evidence as provided in the 6th paragraph of section 6215, Kirby's Digest. Its office is confined to presenting to the trial judge the questions which it is permitted to raise as provided in said section. Its purpose is to call the attention of the trial court to matters occurring in the trial which are alleged to be erroneous, and ask the trial court to correct the alleged errors; and, upon his failure to do so, to bring the errors thus complained of before this court for review. The reasons upon which this practice is based have been given by Mr. Chief Justice Taney in *Phelps* v. *Mayer,* 15 Howard, 160, whose language was adopted by this court in *Dunnington* v. *Frick Co.,* 60 Ark. 250, as follows: "It has been repeatedly decided by this court that it must appear by the transcript, not only that the instructions were given or refused at the trial, but also that the party who complains of them excepted to them while the jury were at the bar. * * * Nor is this a mere formal or technical provision. It was introduced and is adhered to for purposes of justice. For, if it is brought to the attention of the court that one of the parties excepts to his opinion, he has

an opportunity of reconsidering or explaining it more fully to the jury. And if the exception is to evidence, the opposite party might be able to remove it by further testimony, if apprised of it in time." And the court in that case (*Dunnington* v. *Frick Co.*) approved this rule upon the subject: "If errors, or supposed errors, of any kind are committed by a court in its ruling during the trial of a case by a jury, the appellate court can not review these rulings of the court unless two conditions concur: First, these rulings must have been objected to when made, and a bill of exceptions taken, or the point then saved, and the bill of exceptions taken during the term; and, secondly, a new trial must also have been asked and overruled, and objected to, and this noted on the record." The same principle in regard to objections to argument of counsel have been announced in *Kansas City So. Ry. Co.* v. *Murphy*, 74 Ark. 156.

An application of these principles shows that the refused instructions, incorporated into the motion for new trial, which are not in the record, and the alleged prejudicial argument of counsel, which is incorporated into the motion for new trial, and which is not in the record, are not presented for the consideration of this court.

The judgment is affirmed.