ENGLES *v.* OKLAHOMA OIL & GAS COMPANY.

Opinion delivered March 24, 1924.

1. APPEAL AND ERROR—TIME FOR FILING BILL OF EXCEPTIONS.—A bill of exceptions cannot be considered by the Supreme Court if not filed within the time allowed by the trial court.

2. APPEAL AND ERROR—PRESUMPTION WHERE BILL OF EXCEPTIONS NOT FILED IN TIME.—Where a decree shows that it was based on evidence which had to be preserved by a bill of exceptions, and the

bill was not filed within the time allowed by the court, it will be presumed that the decree was correct.

3. EXCEPTIONS, BILL OF—TIME FOR FILING.—Where a decree entered on January 17, 1923, showed by its recitals that it was a *nunc pro tunc* decree, ordering it to be recorded as of the date of December 19, 1922, and the decree gave plaintiff 90 days in which to prepare and file his bill of exceptions, the time began to run from December 19, 1922, and filing it on April 13, 1923, was too late.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; affirmed.

*Pryor & Miles,* for appellant.

*Jas. B. McDonough,* for appellee.

WOOD, J.   This is a suit by the appellant against the appellees to recover of the appellees their proportionate part of the sum alleged to be due appellant by the Oklahoma Oil & Gas Company. This is the second appeal in the case. See *Engles* v. *Shaffer,* 143 Ark. 31. The case, on the former appeal, was reversed, and remanded with directions to, "if it is found proper, order a reference to a master to determine the total indebtedness of the company, and to prorate that among the stockholders in proportion to the stock owned by them, after giving proper credit for sums expended for the company's benefit." After the cause on remand reached the trial court, by agreement of parties, a master was appointed to take proof and make a report. In the hearing before the master the appellant introduced the opinion and mandate of the Supreme Court and the testimony in the former record. The appellees introduced certain testimony, and the master made a report to the court, to which exceptions were filed. The cause afterwards came on for hearing before the chancery court, and what is designated in the record as the "final decree" recites as follows: "This cause was heretofore, to-wit: on the 25th day of November, 1922, heard before the court, and the said cause was taken under advisement by the court. The plaintiff appeared by his attorney, V. M. Miles, and the defendants appeared in person and by their attorney, James B. McDonough.

"Thereafter, on the 19th day of December, 1922, the court, being well and sufficiently advised herein, finds as follows: That the reasonable cost of the well did not exceed the sum of $7,000. The court therefore, upon the cost of the well, finds in favor of the defendants, and finds that the cost of said well is $7,000, and in all other respects the court finds that the findings of the master should be sustained.

"The court therefore sustains the exceptions of the defendants to the report of the master in so far as the same relates to the cost of the well, and overrules all other exceptions to the master's report, and finds that the master's report should be confirmed in all other respects, and finds that the cost of the well should be the sum of $7,000.

"The court, after considering all the testimony, is of the opinion that the cost of the well could not, and did not, exceed the sum of $7,000, and that the plaintiff, for and on behalf of the defendants, expended for the said defendants in drilling of said well said sum of $7,000. The court sustains the finding of the master as to the amount of payments made by each defendant.

"It therefore appearing to the court that each defendant had paid to the Oklahoma Oil & Gas Company and to the plaintiff sums in excess of the amount due from each defendant, the court therefore finds the issues in favor of the defendants.

"It is therefore by the court ordered, adjudged and decreed that the plaintiff take nothing by his complaint herein, and that the defendants have and recover of and from the plaintiff all their costs in this action laid out and expended.

"And the plaintiff, Frank Engles, excepted to the finding of the court with reference to the cost of the well; excepted to the failure of the court to confirm the master's report in full, and prayed an appeal to the Supreme Court, which was granted, and plaintiff was given ninety days in which to prepare and file bill of exceptions.

"And it appearing to the court that this order was had and taken on the 19th day of December, 1922, and, through misprision, not entered on that day, it is ordered entered *nunc pro tunc,* which is accordingly done."

This decree was entered on the 17th day of January, 1923. Its recitals show that it was a *nunc pro tunc* decree, ordering to be recorded as of that date the proceedings which were had in the cause at a former day of the term. From this decree it appears that, on the 19th day of December, 1922, the court rendered judgment in favor of the appellees, to which the appellant excepted, and the court, on that day, gave the appellant ninety days in which to prepare and file his bill of exceptions. The record shows that the bill of exceptions was signed by the chancellor on April 13, 1923, and was filed on that day, in the office of the chancery clerk.

The appellees contend that there is no bill of exceptions, and they are correct in this contention. A bill of exceptions cannot be considered if it was not filed within the time allowed by the court. *Routh* v. *Thorpe,* 103 Ark. 46; *Madison County* v. *Maples,* 103 Ark. 44; *Early & Co.* v. *Maxwell & Co.,* 103 Ark. 569. Where a bill of exceptions in a chancery cause was not filed within the time allowed by the court, the presumption will be that the decree was correct. *Tatum* v. *Crownover,* 94 Ark. 58. To be sure, the court could have extended the time for filing the bill of exceptions on the 17th day of January, 1923, as appellees' time had not then expired for filing, and that was at the same term; but the chancery court did not then extend the time. The *nunc pro tunc* decree could only reflect what was done at a prior day of the term, and this decree related back and took effect from December 19, 1922, the day the former decree was rendered. The recitals of the decree show that the cause was heard on evidence which had to be preserved by a bill of exceptions. There is therefore nothing before this court to show that the decree of the chancery court is erroneous, and its decree is therefore affirmed.