PETROLEUM PRODUCERS ASSOCIATION v. FIRST NATIONAL BANK.

Opinion delivered July 14, 1924.

1. EXCEPTIONS, BILL OF—TIME FOR FILING.—Where time is allowed for filing a bill of exceptions beyond the term for a given number of days, the rule for computing the period allowed is to exclude the day on which the order granting time is made and to include the last day.

2. EXCEPTIONS, BILL OF—SIGNING AND FILING.—Where time is allowed for filing a bill of exceptions, the bill should not only be signed but should also be filed within that time.

3. APPEAL AND ERROR—FILING BILL OF EXCEPTIONS OUT OF TIME.—Where a bill of exceptions is filed out of time, it does not present the evidence upon which any issues of fact were heard in the trial court.

4. APPEAL AND ERROR—PRESUMPTION FROM ABSENCE OF BILL OF EXCEPTIONS.—In the absence of a bill of exceptions, the Supreme Court will presume that the issues of fact were correctly determined in the trial court.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*George F. Jones,* for appellant.

*E. L. Matlock,* for appellee.

WOOD, J. Actions were instituted by the First National Bank of Van Buren in the justice court on certain promissory notes executed separately by J. L. McLeroy, J. C. Armstrong and F. L. Greenstreet. Some of the notes were made payable to the Rose City Petroleum Corporation (hereafter called corporation),

and some were made payable to "myself," and the name
of the maker indorsed on the notes. The total amount of
the several notes was about $400. It is alleged that the
notes were given to one Carl Shibley, a stock salesman
for the corporation, and that he indorsed the name of the
corporation on all of the notes, and that the bank in due
course purchased the notes. The Petroleum Producers'
Association (hereafter called association), a common-
law trust, through its sole trustee, Dr. Fred A. Cook, was
made a party defendant. It was alleged that the corpora-
tion was the owner of certain lots in the city of Van
Buren, and that it sold same to the association with the
fraudulent intent to cheat, hinder and delay the creditors
of the corporation. Attachments were issued and levied
upon certain lots in the city of Van Buren. The several
makers of the notes filed no answer. No affidavits were
filed controverting the grounds for the attachments.

The corporation defended on the ground that it knew
nothing of the indorsement of its name on the notes, and
alleged that Shibley had no authority to indorse its
name thereon. The causes were tried in the justice court,
and judgment was rendered in favor of the appellee, and
the attachments were sustained, and the property directed
to be sold. The causes were appealed to the circuit court,
where they were consolidated for trial. In the circuit
court the association, through its trustee, defended on the
ground that it purchased of the corporation the attached
property in good faith, for a valuable consideration, and
knew nothing of the notes upon which the actions were
based. The trial resulted in separate verdicts and judg-
ments in favor of the plaintiff against each of the several
defendants in the original actions, and the attachments
were sustained. The association, by Dr. Fred A. Cook,
trustee, through his attorney, filed a motion for a new
trial, which was overruled on the 25th day of July, 1923,
and the order overruling the motion recites that "the
defendant excepts, and prays an appeal to the Supreme
Court, which prayer is granted, and ninety days given

in which to file a bill of exceptions." The bill of exceptions was presented to the trial judge and signed by him on the 24th of October, 1923, and was that day filed with the clerk of the circuit court of Crawford County.

"Where time is allowed by the trial judge for filing a bill of exceptions beyond the term for a given number of days, the rule for computing the period allowed is the same as that of any other statute of limitations, and it excludes the day on which the order granting the time is made and includes the last day." *Early & Co.* v. *Maxwell & Co.,* 103 Ark. 569; *Peebles* v. *Columbian Woodmen,* 111 Ark. 435. Computing the time according to the above rule, the bill of exceptions in the case at bar was filed on the ninety-first day after the order was made, and was thus out of time. According to numerous decisions of this court, where time is allowed for filing a bill of exceptions, the bill should not only be signed within the time, but should be filed with the clerk within the time so allowed. *Pekin Stave Co.* v. *Watts,* 95 Ark. 331; *Early & Co.* v. *Maxwell & Co., supra; Peebles* v. *Columbian Woodmen, supra.* Where a bill of exceptions is signed and filed after the expiration of time given for preparing and filing same, it does not present the evidence upon which any issues of fact were heard in the trial court. *Ingles* v. *Oklahoma Oil & Gas Co.,* 163 Ark. 270; *Routh* v. *Thorpe,* 103 Ark. 46.

The errors of which appellant here complains do not appear upon the face of the record, and, in the absence of a bill of exceptions, we must indulge the presumption that the issues of fact in the court below were correctly determined. The record presents no error in the rulings of the trial court, and its judgment is therefore affirmed.