L. D. POWELL COMPANY *v.* STOCKARD.

Opinion delivered February 8, 1926.

APPEAL AND ERROR—TIME OF FILING BILL OF EXCEPTIONS.—Where a purported bill of exceptions was not filed within the time allowed by the court, it will not be considered a part of the record, nor will an affidavit of appellant's attorney showing why it was not filed within the time allowed be considered.

Appeal from Crawford Circuit Court; *James Cochran*, Judge; affirmed.

*E. D. Chastain*, for appellant.

*W. H. Neal*, for appellee.

HUMPHREYS, J. Appellant instituted this suit against appellee in the circuit court of Crawford County to recover $312 with 6 per cent. interest per annum thereon from February 28, 1921, the same being an alleged balance due upon the purchase price of The Encyclopedia of Evidence and The Standard Encyclopedia of Procedure. The suit was based upon a written order executed by appellee to appellant on January 28, 1921, agreeing to pay $10 cash and $8 per month until all volumes delivered should be paid for, remaining volumes to be paid for on delivery. A free assistance clause to furnish authorities to appellee upon application with a statement of facts appeared upon the back of the order. The initial payment of $10 was made, and the volumes then in print were delivered by appellant to appellee.

Appellee filed an answer, denying the material allegations in the complaint and alleging that the order was procured through false pretenses (specifically setting them out) made by the salesman of appellant, and also a failure on appellant's part to comply with the assistance clause in the contract when called upon to do so. It was alleged that appellee made the initial payment and received the printed volumes of the books before he discovered the fraud which appellant's agent practiced upon him in the procurement of the order, and before appellant's refusal to comply with the assistance clause on the reverse side of the contract. Appellee prayed

for the return of the initial payment with interest thereon.

Appellant filed a demurrer to the answer and cross-complaint, which was overruled by the court, whereupon it filed an answer to the cross-complaint of appellee.

The cause was then submitted to the jury upon the pleadings, testimony, and instructions of the court, which resulted in a verdict and judgment in favor of appellee for $10, from which is this appeal.

Appellant waived any alleged errors on the face of. the record by pleading over after its demurrer to appellee's answer was overruled. It filed an answer to appellee's cross-complaint and went to trial upon the issues joined.

There are no other alleged errors of which this court can take notice on appeal, as there is no proper bill of exceptions in the case. The purported bill of exceptions appearing in the transcript was not filed within the time allowed by the court to prepare and file same. Appellant was given sixty days in which to prepare and file its bill of exceptions after its motion for a new trial was overruled. The motion for new trial was overruled on July 14, 1924, and the bill of exceptions was not filed until September 30, 1924. There is an affidavit of the attorney for appellant incorporated in the transcript setting forth the reasons why the bill of exceptions was not filed within the time allowed by the court, but this affidavit is not a proper part of the record in the case and cannot be considered by this court on appeal. *Memphis Land & Timber Co.* v. *Bd. Dir. St. Francis Levee Dist.,* 70 Ark. 409; *Hardie* v. *Bissell,* 80 Ark. 74.

For the reasons given above the judgment is affirmed.