## CARTWRIGHT v. BARNETT.

### 4-4154

Opinion delivered February 10, 1936.

*Edwin W. Pickthorne* and *E. L. Holloway*, for appellants.

*C. T. Bloodworth*, for appellee.

BAKER, J. J. M. Barnett died on July 22, 1934. He left surviving him Mrs. Elizabeth Barnett, his widow, Mrs. Morah Cartwright, a married daughter, and Ora H. Barnett, incompetent, his son.

Barnett bequeathed and devised to Mrs. Elizabeth Barnett the larger part of his estate. Barnett's children contested the will in probate court and, losing, appealed to the circuit court. Upon trial in the circuit court, the jury rendered a verdict "for the will." From that judgment this matter is here upon appeal.

The appellee, by a motion to dismiss, calls our attention to certain matters in connection with the transcript.

The motion also asked for a rule upon the clerk of the circuit court to bring up certain records. This part of the motion may be taken as a writ of certiorari, and since the clerk has made the amendments or corrections and duly certified such records, such certified copies may be taken by us as a response to the writ, and the record be thereby amended, as under rule No. 24.

A consideration of this motion disposes of most of the questions presented on appeal. One of the propositions submitted by the motion to dismiss is the statement that there is no bill of exceptions, and a second is that there is no motion for a new trial, and a third is that the transcript of the judgment is incorrectly set forth in the record and abstract.

The purported bill of exceptions presented here has no approval of the trial judge. It is not the work of the official court reporter, but it purports to be a record of the trial to which is attached an affidavit that was subscribed and sworn to by three persons on the second day of October, 1935, before a justice of the peace. The case was tried on the 4th day of April, 1935.

The purported motion for a new trial is a carbon copy of the typewritten sheet, inserted in the record. It has a filing mark upon it as of the 3d day of May, 1935, which was twenty-nine days after the date of the trial. There is a typewritten notation on the margin indicating that the labeled motion for new trial was overruled on that date. Following this marginal notation is the trial judge's name in typewriting.

We cannot tell, although it is in typewriting, whether the time fixed for bill of exceptions is 120 days or 180 days. The purported bill of exceptions shows that it was signed by the parties who swore to it on October 2d. If it had been filed on that day, and the time fixed had been 180 days, it would have been out of time, although it seems not to have been filed at all. From the response of the clerk we find that no copy, or an original was left in his office at any time, either of the so-called motion for a new trial, or the bill of exceptions. There is no kind of evidence by certification or otherwise that the trial judge ever acted upon or signed either of these

instruments, or by any order made them part of the record.

Appellant seems to have misconceived the office of a bystanders' bill of exceptions. Section 1322, Crawford & Moses' Digest, is authority for this now almost unused instrument. By this provision it was intended that a party excepting might by calling bystanders, insert his statement or proposition into the record. This might be done, even against the will of the trial judge. The opposing party could in like manner controvert such matters so introduced. The statute, therefore, contemplates that notice be given in order that the opportunity may be had to file such controverting affidavits.

Here the whole record was made up without regard, or submission to the trial judge with no opportunity to the opposing party to suggest any correction. This was wrong. See *Cox* v. *Cooley*, 88 Ark. 350, 114 S. W. 929; *Southern Improvement Co.* v. *Road Improvement Dist. No. 5*, 168 Ark. 893, 272 S. W. 684. We cannot and do not consider it. *Engles* v. *Okla. Oil & Gas Co.*, 163 Ark. 270, 259 S. W. 749; *Petroleum Producers Ass'n* v. *First Nat. Bank of Van Buren*, 165 Ark. 267, 263 S. W. 965; *L. D. Powell* v. *Stockard*, 170 Ark. 424, 279 S. W. 1001.

Without motion for new trial and bill of exceptions only the judgment may be considered. See authority *Stone* v. *Bowling*, 191 Ark. 671, 87 S. W. (2d) 49.

The appeal was lodged on the last day on which it could have been filed.

The judgment of the circuit court, as presented here by appellant, was rendered upon a verdict, which, copied in the face of the judgment, shows that it was signed by only eight jurors. If the verdict of the jurors, with their signatures, was correctly copied, the verdict and consequent judgment would be of no effect.

Amendment No. 16 to our Constitution makes provision for verdicts to be rendered "where as many as nine of the jurors agree upon the verdict, the verdict so agreed upon shall be returned as the verdict of such jury, provided, however, that where a verdict was rendered by

less than twelve jurors, all of the jurors consenting to such verdict shall sign same."

The motion of the appellee to dismiss this appeal, treated as a certiorari, brings up the original verdict. This shows that it was a proper verdict signed by nine of the jurors, not merely eight.

So the only alleged error presented is one wholly without merit.

The judgment is therefore affirmed.