William E. BEAUMONT, Jr. and Jo GROWCOCK
*v.* Tommy ROBINSON et al

83-264                                              668 S.W.2d 514

Supreme Court of Arkansas
Opinion delivered April 9, 1984
[Supplemental Opinion on Denial of Rehearing May 21, 1984.*]

*HOLLINGSWORTH, J., would grant rehearing.

182

*House, Wallace & Jewell, P.A.*, by: *David M. Hargis* and *Wm. David Duke,* for appellants.

*Hilburn, Calhoon, Forster, Harper & Pruniski, Ltd.,* by: *Phil Campbell* and *Robert L. Roddey,* for Robinson, Bowman, Zoller and Evans.

*Tom Forest Lovett, P.A.,* by: *Mel Sayes,* for Pulaski County.

GEORGE ROSE SMITH, Justice. On March 22, 1982, William E. Beaumont, Jr., the county judge of Pulaski County, was arrested at his office in the county courthouse by the county sheriff, Tommy Robinson, and by a deputy sheriff, Mark Bowman, was handcuffed, and was taken to the county jail, where he was booked on charges of obstructing governmental operations and resisting arrest. A few minutes later Judge Beaumont's assistant, Jo Growcock, the county comptroller, was arrested by deputy sheriffs Nick Zoeller and Dennis Evans, handcuffed, and taken to jail, where she was charged with obstructing governmental operations. Both Beaumont and Mrs. Growcock were released on their own recognizance after having been booked. On April 16 they were tried in municipal court

upon the charges against them and were acquitted.

Judge Beaumont and Mrs. Growcock then brought this action against the Sheriff, the three deputies, and the county itself, seeking compensatory and punitive damages on the ground that the plaintiffs' civil rights had been violated by the defendants, acting under color of law, contrary to 42 U.S.C.A. § 1983 (1981). The county was joined as a defendant on the allegation that Robinson was its chief law enforcement officer, so that his acts represented the county's official policy.

The jury, after hearing about 40 witnesses, was able to reach a decision as to some of the asserted causes of action but not as to all. Specifically, the jury found that Zoeller, Evans, and Pulaski County were not liable to either plaintiff. Mrs. Growcock had taken a nonsuit as to Bowman. The jury found that Beaumont was not entitled to punitive damages against Robinson or Bowman and that Mrs. Growcock was not entitled to punitive damages against Robinson. The jury was unable to decide whether compensatory damages should be awarded to Beaumont against Robinson, to Beaumont against Bowman, or to Mrs. Growcock against Robinson.

The trial court entered judgment dismissing with prejudice all the causes of action finally determined by the jury. The court declared a mistrial as to the undetermined causes of action for compensatory damages. The two plaintiffs have appealed. They argue, first, that owing to the incomplete verdicts there should be a new trial as to all defendants upon all the issues, and second, that various asserted errors in the trial also entitle them to a new trial.

The plaintiffs' proof tended to show that the sheriff and his deputies were in the wrong in making the arrests. There was evidence that Sheriff Robinson had repeatedly overspent his budget as fixed by the quorum court. Federal Judge George Howard had found conditions at the county jail to be below constitutional standards and had appointed Kenneth Basinger as a special master to supervise the

operation of the jail. Four days before the plaintiffs were arrested, Robinson had evicted Basinger from the jail, told him not to return, and expressed his own intention not to obey the orders of the federal court. When the sheriff and the deputy sheriffs came to the courthouse on March 22, they demanded that their purchase requisitions (requests for money from the county) be processed at once. They were told that Basinger would have to approve the requests. The evidence was in conflict about whether Beaumont resisted arrest, but the plaintiffs' theory was essentially that when they refused to honor the requests for funds they were wrongfully arrested for obstructing governmental operations. After the plaintiffs had been arrested and released they went to the federal court, where Robinson was held to be in contempt of court and put in jail.

The appellants first insist that they are entitled to a new trial as to all parties and all issues, because the verdicts were incomplete. Absent other reversible error, this argument cannot be sustained. The judge properly instructed the jury, in the language of AMI 105 and 106, that the plaintiffs' claims should be treated as separate suits and that each defendant's case was to be decided separately as if each were a separate suit. AMI Civil 2d (1974). Hence, subject to the possibility of error prejudicial to the appellants, the jury has settled the issues as between the plaintiffs and three of the defendants, Zoeller, Evans, and the county.

The appellants are right, however, in contending that they are entitled to a new trial with respect to both compensatory and punitive damages as against Robinson and Bowman, despite the jury's verdicts in favor of those defendants as to punitive damages. Each plaintiff has essentially only one cause of action against each defendant, even though that cause of action may embrace both compensatory and punitive damages. See, by analogy, *St. Louis, I.M. & S. Ry.* v. *Hix,* 101 Ark. 90, 141 S.W. 492 (1911). Hence the general rule, that a partial verdict as between two adverse parties cannot stand, is controlling. *Martin* v. *Romes,* 249 Ark. 927, 462 S.W.2d 460 (1971). The trial court's entry of judgment upon the partial verdicts must be reversed.

Second, the proffered testimony of Dr. Venus that had Robinson made adjustments in his expenditures in 1981 there would have been no need for the layoff of deputies in that year, was properly excluded. We fail to see how that earlier incident would have shown malice on Robinson's part in making the arrests, and in other respects the proffered testimony dealt with matters of law, such as Robinson's authority to set a policy for the county.

Third, we agree with appellants' argument that a deputy prosecuting attorney should not have been permitted to testify on a point of law: whether there was probable cause for the plaintiffs' arrest when the municipal court charges were tried. The only objection, however, was that it was unfair to ask the witness for an opinion without presenting all the facts to her. That objection did not raise the point now argued; so reversible error is not shown.

The fourth point hardly merits discussion. That officer Zoeller questioned the employment of Mrs. Growcock at a meeting nine months after her arrest had no real probative value in showing malice on the officer's part in making the arrest. That proffered testimony was correctly excluded.

As their fifth point the appellants group three minor arguments relating to incidents that are said to have had a cumulative prejudicial effect. We fail to see how this is true. First, after the trial had been recessed one afternoon until the following morning, a belly dancer appeared in a corridor near the courtroom and danced, apparently to wish the sheriff a happy birthday. As far as the record shows, the incident was extraneous and had no effect on the trial. Second, a defense lawyer suggested at one point that the plaintiffs' attorney might be disqualified, because he had represented the county in other matters. The court at once admonished the jury to disregard the matter. There was no immediate request for a mistrial, and all further references to the incident were between counsel, out of the presence of the jury. Third, Robinson's discovery deposition was introduced in evidence during the questioning of another witness, but only one paragraph was read to the jury. Apparently by accident, the deposition was taken by the jury

into the jury room. Since neither side has abstracted whatever may have been in the deposition, we have no basis for holding that the appellants' case against Zoeller, Evans, and the county was affected one way or the other.

Sixth, the appellants complain of the trial judge's failure to give three requested instructions. No error is shown, for none of the instructions would have been of material assistance to the jury. Number 11 would have told the jury that "Congress shall make no law abridging the freedom of speech." Counsel do not explain how the arrests affected the plaintiffs' right to freedom of speech. Number 24 is a rambling charge about the county's liability for the acts of its policy-making officials, but we find in it nothing specific enough to have been of any help to the jury. Number 29, dealing with the duties of the county judge, added nothing of consequence to number 28, which was given.

Affirmed in part, reversed in part, and remanded for a new trial as to the liability of defendants Robinson and Bowman.

### Supplemental Opinion on Denial of Rehearing
### Delivered May 21, 1984

GEORGE ROSE SMITH, Justice, on rehearing. In order that counsel may fully understand the reasons for our

decision, we think it best to discuss briefly two points argued in their petition for rehearing.

First, in connection with the deposition that accidentally reached the jury room, counsel argue that we were in error in saying that the deposition had not been abstracted. Our statement was not inaccurate. The deposition was not summarized in the appellants' abstract, as required by Rule 9 (d). Counsel now point out that a few sentences from the 56-page deposition were contained in an appendix to the appellants' brief. Such attachments of printed or typewritten exhibits do not comply with our rules. Such exhibits should be abstracted along with the other testimony. See our per curiam order of February 13, 1978, which is copied in full three separate times in the Bobbs-Merrill compiler's notes to our rules, immediately after Rules 8, 9, and 11. Ark. Stat. Ann., Vol. 3A (Repl. 1979).

Second, it is argued that proffered Instruction Number 24 was a correct statement of the law, because it was taken in part from the opinion in *Monell* v. *Department of Social Services,* 436 U.S. 658 (1978). Nevertheless, the instruction was properly refused. It was, as we said in our opinion, a rambling charge that contained nothing specific enough to be of any help to the jury. There is no AMI instruction on this particular subject. That being true, any proffered instruction must be "simple, brief, impartial, and free from argument." AMI Civil 2d, p. xiii (1974). Instruction Number 24 was not simple. It was not brief. It was not impartial. It was not free from argument, in that most of it dealt with matters not touched upon by the testimony in the case.

Rehearing denied.

HOLLINGSWORTH, J., dissents.

P. A. HOLLINGSWORTH, Justice, dissenting. I would grant the rehearing based upon the petitioners' second point that the excluded testimony of Dr. Charles Venus is vital and Instruction Number 24 is the law.

The United States Supreme Court in *Monell* v. *Department of Social Services*, 436 U.S. 658 (1978), first held that a local government may be sued under 42 U.S.C. § 1983. The Court stated:

> [W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury then the government as an entity is responsible under § 1983. 436 U.S. at 695.

I concur with the majority except for their conclusion on Instruction Number 24. I would allow it to be given.