Willie BARHAM *v.* RUPERT CRAFTON
COMMISSION COMPANY

86-49                                    718 S.W.2d 432

Supreme Court of Arkansas
Opinion delivered October 27, 1986

*McDaniel & Wells, P.A.*, by: *Bobby McDaniel*, for appellant.

*Barrett, Wheatley, Smith & Deacon*, for appellee.

JOHN I. PURTLE, Justice. At the conclusion of the trial of a tort claim involving an automobile accident the jury returned

verdicts for both parties. The trial court reconciled the verdicts in favor of the defendant. Appellant's motions for judgment n.o.v. and for a new trial were denied. The argument on appeal is that the verdict is not supported by substantial evidence and, therefore, the court erred in refusing to set the verdict aside and grant a new trial. We do not find reversible error.

■ The automobile collision occurred at an intersection in Blytheville, Arkansas, on March 2, 1983. The vehicle the appellant was driving was struck from behind by appellee's vehicle. The driver for appellee gave one version to the investigating officer and another at the trial. Although the appellant did not appear to be injured at the time of the accident, later in the same day she was examined by a physician. There was testimony introduced into evidence at the trial that appellant incurred considerable medical expense and underwent a great deal of pain and suffering. The appellant and her witnesses testified that her injuries and expenses were a result of the collision. Her testimony, as an interested party, is considered disputed as a matter of law. *Bittle* v. *Smith*, 254 Ark. 123, 491 S.W.2d 815 (1973).

■ Even if appellant had undisputed proof that her injuries and expense were a direct result of the accident, she must still overcome the jury verdict finding that appellee was not at fault. Therefore, we do not discuss the issue concerning injuries.

■ We think the trial court was correct in reconciling the verdict forms before the jury left the box. The two verdict forms might well have been considered inconsistent had the trial court not acted to correct the mistake. The verdict forms returned by the jury were as follows:

> We, the Jury, find for the plaintiff, Willie M. Barham, and fix her damages at $ 0 .

> and

> We, the Jury, find for the defendant, Rupert Crafton Commission Company.

Addressing the jury after the return of these seemingly inconsistent verdicts, the court asked the following question, "[s]o I take it your finding is for the defendant and the plaintiff recovers nothing." The jurors responded in the affirmative and were

dismissed. It was clearly the intent of the jury that the plaintiff not recover any amount.

■ Neither party has cited precedent for the present facts and we have not found such ourselves. We have long held that if the meaning of the jury can be clearly discerned from the verdict it ought not to be set aside. *Russell* v. *Webb*, 96 Ark. 190, 131 S.W.2d 456 (1910). In *Russell*, we stated:

> [I]f the issue presented by the pleadings has been substantially decided by the jury, and their meaning can be satisfactorily collected from their verdict, then it is the duty of the court to mould it into proper form by its judgment.

We find the case of *Schumock* v. *Merrian*, 259 P.2d 173 (1953), to be persuasive. There the jury, as here, signed both the plaintiff and defendant verdict forms. The Kansas court stated:

> It is true the jury was guilty of a technical mistake in returning both forms submitted to it, but it also is very obvious as to what its intentions were, namely, that plaintiff should recover nothing for personal injuries and loss . . . .

■ It was the duty of the appellant to prove by a preponderance, a greater weight, of the evidence that the appellee was guilty of negligence which proximately caused her injuries. See AMI 202 and 203. It was also her duty to prove she was less at fault than the defendant. See AMI 2102. The driver of appellee's vehicle testified that the appellant started through the intersection, on a green light, and then came to a sudden stop and that he could not avoid the collision. It was the prerogative of the jury as to which witness to believe. See *Keck* v. *American Employment Agency, Inc.*, 279 Ark. 294, 652 S.W.2d 2 (1983). On review of a trial court's denial of a motion for a new trial, we determine only if the verdict is supported by substantial evidence and, if so, we do not disturb the trial court's action. *Landis* v. *Hastings*, 276 Ark. 135, 633 S.W.2d 26 (1982); *Ferrell* v. *Whittington*, 271 Ark. 750, 610 S.W.2d 572 (1981).

We find that the trial court properly corrected any inconsistencies in the verdict forms and that the verdict, as corrected, reflected the clear intent of the jury. We further hold that there

was substantial evidence to support the verdict and the refusal of the trial court to grant a new trial.

Affirmed.