Lenard CORAN and Bertha L. Coran *v.* Gary KELLER
and wife, Vicky Keller

87-335 748 S.W.2d 349

Supreme Court of Arkansas
Opinion delivered May 2, 1988

*Rose Law Firm, A Professional Association,* by: *Herbert C. Rule III* and *Stephen N. Joiner,* for appellants.

*Brazil, Clawson & Adlong,* by: *Charles E. Clawson, Jr.,* for appellees.

ROBERT H. DUDLEY, Justice. The defendants, Lenard and Bertha Coran, constructed and sold a house to the plaintiffs, Gary and Vicky Keller, for $34,500.00. The plaintiffs moved into their home and soon discovered the septic tank did not function properly, that sewage backed into the house, that soap suds from the washing machine seeped into the bathroom, that sewage and other effluence stood in the backyard, and that water would not percolate in the ground around the house. The defendants made various attempts to correct the problems, but all were unsuccessful. Plaintiffs filed suit in circuit court for breach of warranty asking $37,500.00 damages. The defendants answered and admitted that the house had defects, but denied that the defects were the fault of the defendants. At trial, the jury returned a verdict as follows: "We the jury find for the plaintiffs, Gary Keller and wife Vicky Keller, and fix their damages at a sum of *$34,500.00. Noble L. Bowman,* Foreman. *With stipulation that Lenard Coran receives the deed to the house.*" (The italicized portions of the above were handwritten.) After hearing the verdict, neither party asked that the jury be polled nor questioned the verdict, and the jury was discharged. Eleven days later the plaintiffs filed a motion asking the trial court to modify the verdict. At the hearing on the motion the defendants asked the court to either enter a judgment on the verdict or else grant a new trial. The trial court ruled:

> I didn't make any inquiry of the jury, but two of them were in my office a week or two after this trial and said, "What did you think about our verdict in the" —what's this— "the Keller-Coran case?" I said, "Well, I think y'all made a big mistake in putting that stipulation on it." They said, "Now, Judge, if you had just sent us back into the jury room, we were prepared to remove that stipulation." But, nobody asked for 'em to be sent back in and I didn't send 'em back in. So, now, both sides come to me and want to correct the verdict rendered by the jury.

So, my holding is going to be that the jury had no right to write any stipulation on this verdict form, that they went beyond their province, they went beyond the instructions of the Court, and I'm going to correct the verdict by removing the stipulation and leaving part of the verdict, "We, the jury, find for the plaintiffs, Gary Keller and wife, Vicky Keller, and fix their damages at a sum of thirty-four thousand five hundred dollars," as the verdict in this case, and see if the higher court will affirm or reverse. I know it's going to be a very interesting case for them to decide. It was a very interesting case to hear, and I don't really want to have to hear it again. It may be remanded down here for me to hear again, but that's the only way I'm going to hear it again. I'm not going to grant a new trial. I'm going to conform the verdict to what I consider it should have been, had the jury followed the instructions of the Court, which they apparently did not. They decided, on their own, to make an equity case out of it and try to do some kind of an equity in the matter, which was beyond their province.

The trial court then entered a judgment striking the hand-written stipulation as surplusage. The defendants appeal. We reverse and remand for a new trial.

In *Sanson* v. *Pullum*, 273 Ark. 325, 329, 619 S.W.2d 641, 644 (1981), we said:

Uniform Evidence Rule 606(b) states plainly that a juror may not testify as to the effect of anything upon his mind as influencing him to assent to the verdict, nor may his affidavit be received concerning a matter about which he is precluded from testifying. We take this opportunity to state unequivocally, for the guidance of the bar, that in our opinion it is improper for a lawyer to interview jurors after a trial in an effort to obtain such inadmissible affidavits to impeach their own verdict.

■ Similarly, a trial judge, before ruling on a motion to modify the verdict, should not have an ex parte conversation with some of the jurors about anything which caused them to assent to the verdict. To do so is error.

■ In addition, the trial court erred in making a substan-

tive amendment to the verdict after the discharge of the jury. *Browne* v. *Dugan*, 189 Ark. 551, 556, 74 S.W.2d 640, 643 (1934); Ark. Code Ann. § 16-64-119(2) (1987).

The above two errors are errors of law and amount to sufficient reason to reverse this case. We need not discuss the appellants' other points which go to the jury's intent and involve alleged errors of fact.

 In our decisional conference, the only part of this case which caused us any real difficulty was what to do with the case after we had reversed it. As a general rule, the failure to object to some irregularity in a verdict prior to the discharge of the jury constitutes a waiver of that irregularity. *Smith* v. *Perkins*, 246 Ark. 427, 429, 439 S.W.2d 275, 276 (1969); *Hodges* v. *Bayley*, 102 Ark. 200, 204, 143 S.W. 92, 93 (1912); Ark. Code Ann. § 16-64-119(2). *But see Martin* v. *Blackmon*, 277 Ark. 190, 193-94, 640 S.W.2d 435, 436 (1982); *Wharton* v. *Bray*, 250 Ark. 127, 131, 464 S.W.2d 554, 556 (1971) (these two cases distinguish the general rule). Since no objection was made to the jury's verdict, under normal circumstances we would remand with instruction to set aside the modification and enter the verdict returned by the jury. In this case, however, the verdict returned granted a relief, rescission, that was neither pleaded nor within the jurisdiction of the circuit court to grant. The circuit court does not have the affirmative power to transfer title from the plaintiffs, appellees, to the defendants, appellants. During oral argument of this case, the appellant referred to rescission at law. In rescission at law the tender of the property itself effectuates the rescission, and the law court only grants restitution. In rescission in equity the affirmative powers of the court of equity are used to rescind, or undo, the contract. *Brown* v. *Techdata Corp.*, 238 Ga. 622, 234 S.E.2d 787 (1977). The second type of rescission is the type ordered by the jury in the case at bar, and the law court does not have that subject matter jurisdiction. Since subject matter jurisdiction can be raised at any time, and is raised by this Court on its own motion, we deem it best to raise the issue of the lack of jurisdiction of the circuit court to give the relief awarded in the verdict, and accordingly, we remand the case for a complete new trial.

Reversed and remanded for a new trial.