Larry D. CENTER, and Barbara Center, Husband and
Wife *v.* Neil JOHNSON

87-366                                    750 S.W.2d 396

Supreme Court of Arkansas
Opinion delivered May 23, 1988
[Rehearing denied June 20, 1988.]

*Williams & Brinton*, by: *Charles N. Williams*, for appellants.

*Mashburn & Taylor*, by: *W.H. Taylor* and *Jenniffer Morris Horan*, for appellee.

JOHN I. PURTLE, Justice. This appeal presents the question whether a trial court may inquire into and modify a jury verdict after the jury has been discharged. We hold that the trial court did not have authority to change the verdict by allowing the ninth juror to sign the verdict eleven (11) days after the jury had been discharged.

The appellants sued the appellee for breach of express and implied warranties in constructing a house for the appellants. The case was tried to a jury and a verdict was returned by the jury in open court on May 22, 1987. At that time the court announced that the verdict was for the defendant and had been signed by nine (9) of the jurors. Upon inquiry by the trial court, the foreman of the jury confirmed that the verdict had been signed by nine jurors. The trial judge then inquired of counsel whether the jury should be polled. Neither lawyer requested the jury be polled. The

verdict was accepted by the court and the jury was discharged.

Several days later it was discovered that only eight (8) jurors had signed the verdict. The trial court then inquired of the foreman of the jury concerning the jury's decision. In this ex parte communication, the foreman informed the judge that in fact he had thought nine (9) jurors had signed the verdict because nine (9) had agreed with it.

On June 2, 1987, eleven (11) days after the jury had been discharged, the court convened a hearing to inquire into the irregularity in the verdict. At the beginning of the hearing the court announced to the parties present that he had spoken to the foreman of the jury and had learned that nine of the jurors had indeed intended to sign the verdict for the defendant. The foreman then testified at this hearing as follows:

> We returned a verdict for the defendant, and as I recall, nine jurors voted for that verdict. I think I can explain what happened. I believe the problem arose because certain of the people who needed to sign the interrogatory did not vote, or were not supposed to sign the verdict. We were all in a hurry, it was getting late. It was my recollection that Mr. Faddis was the one who didn't sign.

During this hearing it was determined that it was Mr. Faddis who had intended to sign the verdict but did not do so because they were "in a hurry to get out." The trial judge then allowed Mr. Faddis to add his signature to the verdict form at the conclusion of the hearing.

■■ The Constitution of the State of Arkansas, Article 2, Section 7, provides that "in all jury trials in civil cases, where as many as nine of the jurors agree upon a verdict, the verdict so agreed upon shall be returned as the verdict of such jury, provided, however, that where a verdict is returned by less than twelve jurors all the jurors consenting to such verdict shall sign the same." Also pertinent to this appeal is Arkansas Rules of Evidence, Rule 606(b), which provides:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or

emotions as influencing him to asset [assent] to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received, but a juror may testify on the questions whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror.

The Constitution requires that at least nine (9) jurors sign a verdict, if it is less than unanimous. If it is unanimous, only the foreman must sign. Only eight (8) signed the verdict here in question.

The issue presented in this case is whether the appellant waived the irregularity when the verdict was announced in open court. An early case concerning waiver of irregularities in the verdict is *Hodges* v. *Bayley*, 102 Ark. 200, 143 S.W. 92 (1912). This court affirmed the trial court in entering a verdict for the plaintiff. The *Hodges* opinion relied upon the case of *Northern Pacific Railroad Company* v. *Urlin*, 158 U.S. 271 (1895). In *Urlin* the jury had returned a verdict which was not signed by the foreman as was required by Montana law. When the verdict was rendered the defendant requested that the jury be polled. Each juror responded that the verdict as read was theirs. After the jury was polled and all confirmed that the verdict returned was that intended, the judgment was entered of record. No further objection was made. We agree with both the *Urlin* and *Hodges* decisions. However, neither control the present case.

A jury verdict should in all cases reflect the actual final conclusion of the jury on the matter being tried before them. However, if before the jury is discharged it is made known to the court that the jury misunderstood the instructions, it is not error for the court to permit the jury to further consider their verdict, after the instructions are again read to them. *Clift* v. *Jordan, Administrator*, 207 Ark. 66, 178 S.W.2d 1009 (1944). The time to correct or clarify a verdict is before the jury is discharged. *Barham* v. *Rupert Crafton Commission Company*, 290 Ark. 211, 718 S.W.2d 432 (1986).

In *Williams* v. *State*, 264 Ark. 77, 568 S.W.2d 30 (1978),

the trial court convened a hearing after the jury had been discharged, for the purpose of inquiring into their deliberations. In reversing we stated:

> [W]e have disregarded the testimony of the individual jurors, as to their deliberations, statements made during the deliberation, matters considered, the votes taken, the votes of the individual jurors and other such matters admitted into evidence over the strenuous and repeated objection of the prosecuting attorney. . . . [T]his testimony was inadmissible . . . .

We have found it to be improper for plaintiff's attorney to question members of the jury after the verdict has been read and the jury dismissed. *Stull* v. *Ragsdale*, 273 Ark. 277, 620 S.W.2d 264 (1981). We likewise have refused to allow questioning of jurors concerning unsubstantiated allegations of "extra-judicial communications" during the trial. *Pride* v. *State*, 285 Ark. 89, 694 S.W.2d 819 (1985). Even an affidavit of a juror describing the discussions during deliberations has been held inadmissible as evidence of juror misconduct. *Waterfield* v. *Quimby*, 277 Ark. 472, 644 S.W.2d 241 (1982). We recently discussed A.R.E. 606(b) and noted that the only issues which may be inquired into concerning the jury's deliberations are extraneous prejudicial information or improper outside influence. *Watkins* v. *Taylor Seed Farms, Inc.*, 295 Ark. 291, 748 S.W.2d 143 (1988).

In the very recent case of *Coran* v. *Keller*, 295 Ark. 308, 748 S.W.2d 349 (1988), we considered the question whether it was proper for a trial judge to engage in an ex parte conversation with a juror concerning the deliberations and the meaning of the verdict. The verdict was announced in open court and neither party requested that the jury be polled or otherwise questioned the verdict. In *Coran* we stated: "Similarly, a trial judge, before ruling on a motion to modify the verdict, should not have an ex parte conversation with some of the jurors about anything which caused them to assent to the verdict. To do so is error."

The cases allowing incomplete verdicts to stand are based upon waiver or failure to object at the time the verdict is presented in open court. We recognize the general rule that failure to object to an irregularity in a verdict prior to discharge of the jury constitutes a waiver of the irregularity. *Coran* v. *Keller*,

supra. However, in the present case the trial judge and the foreman both announced in open court that the verdict has been signed by nine (9) jurors. Under these circumstances the attorneys had no reason to object to the irregularity because they did not know about it until after the jury had been discharged. Therefore, the irregularity was not waived.

Appellants also submit it was error for the trial court to refuse to give their instruction No. 1, clarifying the definition of ordinary care by a building contractor. Appellants contend the instruction is based on *Dixon* v. *Ledbetter*, 262 Ark. 758, 561 S.W.2d 294 (1978), and reads: "That a contractor uses customary methods is a matter to be considered, but that standard does not necessarily meet the test of ordinary care."

The trial court was right. It refused the instruction tendered by the appellants because the Arkansas Model Jury Instructions—Civil contains an instruction (AMI 1204) dealing with ordinary care by a contractor, and the jury was instructed accordingly. Appellants argue that the trial court gave "a modified version of AMI 1204." But the instruction appearing on page fourteen of the record conforms exactly to AMI, Civil 2d, 1204. The AMI instruction covered the issue of the degree of care required of a contractor and it was not error for the court to refuse to instruct differently. Instructions which do not conform to AMI should be given only when the trial judge finds the AMI instruction does not accurately state the law or the AMI does not contain a necessary instruction on the issue. *Henderson* v. *State*, 284 Ark. 493, 684 S.W.2d 231 (1985); *Beaumont* v. *Robinson*, 282 Ark. 181, 668 S.W.2d 514 (1984); *Blaney* v. *State*, 280 Ark. 253, 657 S.W.2d 531 (1983).

The irregularity in the verdict in this case was sufficient to render the verdict void because it did not conform to the constitutional requirement that at least nine (9) jurors sign the verdict in civil cases. The defect was not waived because the announcement in open court that the verdict had been signed by nine (9) jurors relieved counsel of responsibility to inquire. Therefore, the constitutional deficiency of the jury verdict requires that the decision be reversed and remanded.

Reversed and remanded.

HOLT, C.J., and HICKMAN and HAYS, JJ., dissent.

GLAZE, J., concurs.

TOM GLAZE, Justice, concurring. I concur. As pointed out in the majority opinion, amendment 16 to article 2, § 7 of the Arkansas Constitution provides that in civil cases a verdict may be returned where as many as nine jurors agree. However, amendment 16 continues as follows:

> [P]rovided, however, that where a verdict is returned by less than twelve jurors all the jurors consenting to such verdict *shall* sign the same. (Emphasis added.)

The dissenters rely on Ark. Code Ann. § 16-64-119 (1987) [formerly Ark. Stat. Ann. §§ 27-1737—1738 (Repl. 1979)] which was enacted prior to amendment 16 and was operative when all twelve jurors were required to agree when returning a verdict; even if one juror, when polled, disagreed with the verdict, § 16-64-119 required the jury to be sent out again. It is fundamental law that an existing statute is superseded by a subsequent constitutional amendment only when there is an irreconcilable conflict or the statute is necessarily repugnant to the new constitutional provision. *See, e.g., McKenzie v. Burris*, 255 Ark. 330, 500 S.W.2d 357 (1973). Obviously, the statutory provisions of § 16-64-119 are necessarily repugnant to the provisions of amendment 16, since the amendment allows nine, rather than all twelve jurors, to return a final verdict.

The narrowed question then becomes whether the remains of § 16-64-119 (i.e., the parts not in direct conflict with amendment 16) are sufficient to support the dissenters' reliance on the statute and the case they cite in construing it.

While there may be some merit to the argument that a party should raise his or her objection to the verdict at the time it is rendered, the threshold issue is: whose burden is it to question the verdict? If a verdict fails to reflect at least nine signatures, a mistrial results. In my view, unless a party, before the jury is discharged, can establish that the verdict was actually properly returned with sufficient signatures so as to support a judgment, that party waives any right to raise the issue later. Amendment 16 requires this conclusion by mandating that, when a verdict is less than unanimous, all jurors consenting to the verdict *shall* sign it.

Thus, without nine-juror signatures, the verdict fails to support a final judgment. In fact, this court has stated that a verdict signed by only eight jurors would render the verdict and consequent judgment of no effect. *See Cartwright* v. *Barnett*, 192 Ark. 206, 90 S.W.2d 485 (1936) (wherein this court found that the lower court's verdict was valid because it reflected nine, not eight, jurors signed).

No ambiguity exists in the use of the constitutional terms found in amendment 16, and their clear meaning should be followed.

I agree with the majority that a trial court may not conduct a later hearing — as was done here — to correct a verdict that fails to meet the dictates of amendment 16. Jury deliberations should remain secret, unless it becomes clear that the jury's verdict was tainted by a showing of extraneous prejudicial information or some improper outside influence. *Watkins* v. *Taylor Seed Farms, Inc.*, 295 Ark. 291, 748 S.W.2d 143 (1988); *see also*, A.R.E. Rule 606(b).

The present case did not pose a situation that justified the calling of a juror to testify about the jury's verdict or to relate his best recollections of how the jury reached its vote. If the jurors were to be polled regarding their votes, it should have been done at trial before the jury was discharged. Because the jury's verdict at trial reflected a mistrial, I believe the burden was the appellee's to raise the issue since he was, and is now, the one who claims the verdict and judgment were properly rendered.

For the foregoing reasons, I concur.

STEELE HAYS, Justice, dissenting. Following a two day trial this case was submitted to the jury upon an interrogatory and two verdict forms, one finding for the defendant, the other finding for the plaintiffs. The jury deliberated and nine jurors voted to find for the defendant, with one undecided and two voting for the plaintiffs. Nine jurors signed the interrogatory for the defendant, but through oversight only eight signed the verdict form.

The majority opinion states that because the trial judge and jury foreman both announced in open court that the verdict had been signed by nine jurors, appellants' counsel had no reason to poll the jury. But that is not what the record tells us. When the

jury announced that it had reached a verdict the following occurred:

> THE COURT: If you would, please pass the Verdict and Interrogatory to the bailiff, please.

> (The Verdict form and Interrogatory is handed to the bailiff, who in turn hands it to Judge Smith.)

> THE COURT: First, the Interrogatory. "Do you find that the defendant, Neil Johnson, insisted or promised that the house or footing could be repaired and that the defendant, Neil Johnson, continued to attempt to repair the house or footing after substantial completion of the house on April 5th, 1979?" That is checked "Yes", and signed by eleven (11) of the twelve (12) jurors?

> MR. HOLLADAY: It's supposed to be nine (9). Some of us printed. There should be nine (9) signatures.

> THE COURT: I'm sorry. I can't count the lines. It's signed by nine (9) of the jurors; is that correct, Mr. Foreman?

> MR. HOLLADAY: Yes, Your Honor.

> THE COURT: The Verdict, "We, the jury, find for the defendant, Neil Johnson"; signed by nine (9) of the jurors?

> MR. HOLLADAY: That is correct.

> THE COURT: Does either side wish the jury polled?

> MR. TAYLOR: No, Your Honor.

> MR. WILLIAMS: No, Your Honor.

> THE COURT: Ladies and gentlemen, we appreciate your time. Everyone please remain in the courtroom and let the jury have an opportunity to leave. Court will be adjourned.

Thus it is clear the trial judge never announced that nine jurors had signed the verdict, rather, he *asked* if nine had signed the interrogatory and the verdict. The foreman's response, after indicating that there "should be nine signatures," was "That is

correct."

Determining the number of signatures on a verdict form should not present a difficulty. It was complicated in this instance by the fact that the jurors had both printed and signed, resulting in this array of names:

(Interrogatory)

When a precedent for judgment was presented several days later for the signature of the trial judge, it was discovered that only eight jurors had actually signed the verdict form. Evidently the trial judge asked the jury foreman if the verdict had been agreed to by nine jurors and when told that it had, he notified counsel and a hearing was conducted. The foreman and a juror, Lonnie Faddis, testified that nine jurors voted to render a verdict for the defendant, that the interrogatory was signed by all nine jurors, including Mr. Faddis, but in the confusion Mr. Faddis neglected to sign the verdict form. Mr. Faddis testified his failure to sign was merely an oversight, that he had voted for a verdict for the defendant and that was still his verdict. The trial court asked Mr. Faddis to sign and date the original verdict and the judgment for the defendant was entered.

It is undisputed that the verdict represented the vote of nine jurors and was, in fact, signed by them before the judgment was formally entered. The fact that all nine had not signed the verdict when it was returned could have been detected simply by examining the verdict. That, I believe, was the duty of the party against whom the verdict was rendered, in order to preserve the right to complain. Appellants could have polled the jury when the verdict was announced and they declined that opportunity.

Having failed to do so, they should not be permitted to obtain a new trial because of an inadvertent omission that was readily discoverable. Ark. Code Ann. § 16-64-119 (1987) [Ark. Stat. Ann. §§ 27-1737 and -1738 (Repl. 1979)] deals with verdicts:

> (a) When the jury has agreed upon its verdict, they must be conducted into court, their names called by the clerk and the verdict rendered by their foreman.
>
> (b) When the verdict is announced either party may require the jury to be polled, which is done by the clerk or court asking each juror if it is his verdict. If any one answers in the negative, the jury must again be sent out for further deliberation.
>
> (c) The verdict shall be written, signed by the foreman, and read by the court or clerk to the jury, and the inquiry made whether it is their verdict.
>
> (d)(1) If any juror disagrees, the jury must be sent out again.
>
> (2) If no disagreement is expressed, *and neither party requires the jury to be polled*, the verdict is complete and the jury discharged from the case. [My emphasis].

When the verdict was accepted in open court without objection and the jury was not polled, the omission was waived, as I see it. In *Hodges* v. *Bayley*, 102 Ark. 200, 143 S.W. 92 (1912), a jury trial ended in a plaintiff's verdict. Neither party asked that the jury be polled. On appeal the defendant argued that the verdict was not signed by the foreman, as required by subsection (c), quoted above. In *Hodges*, the court held the requirement that the verdict be in writing and signed by the foreman is waived when rendered in open court "and duly received without objection by either party." *Hodges* v. *Bayley* was decided before Amendment 16 was adopted, but the reasoning remains sound. By not objecting to the verdict as rendered, nor requesting that the jury be polled, the appellants waived the irregularity of the verdict.

The majority relies in part on A.R.E. Rule 606(b), which protects the confidentiality of the jury's deliberations. But nothing in that rule prevents a juror being asked whether he or she

agreed with the verdict as rendered. Under the circumstances of this case it was entirely proper for the trial court to conduct a hearing to inquire into the discrepancy in the number of signatures.

This case is now being tried a second time at the expense of the court, the parties, and the system itself, not because of some material error in the proceedings, but because of a simple oversight which could have and should have been corrected at the time of occurrence. The failure ought to rest with the party against whom the verdict was rendered. I respectfully disagree with the majority and dissent to the reversal of the trial court.

HOLT, C.J., and HICKMAN, J., join this dissent.