Andrew PAUL *v.* SAFLEY CONSTRUCTION CO.

85-92                                          700 S.W.2d 55

Supreme Court of Arkansas
Opinion delivered December 9, 1985

*Kaplan, Brewer & Miller, P.A.*, by: *Silas H. Brewer, Jr.*, for appellant.

*Laser, Sharp & Mayes, P.A.*, for appellee.

DARRELL HICKMAN, Justice. This is a wrongful death case. Gary Paul was an employee of Central Boring Company, which had a subcontract with Safley Construction Company on a sewer construction project in Mayflower, Arkansas. Paul was killed in August, 1982. He was guiding a pipe that was being lowered under a buried telephone cable. The crane holding the pipe touched or came close to a live power line, electrocuting Paul.

His parents and brothers sued Arkansas Power and Light Company and the prime contractor, Safley Construction Company. AP&L was dismissed at the end of the plaintiff's case. Appellants allege Safley breached its duty under its contract with the city to initiate, maintain, and supervise all safety precautions and programs, and provide necessary safety protection to prevent injury to all employees on the construction project. Safley also had a duty to supervise and be solely responsible for the means, methods, techniques, procedures and sequences at work on the construction project. Appellants contend Safley's breach of this duty proximately caused the death of Paul. Safley argued that the subcontractor assumed the responsibility for the safety of its own employees. The jury returned a verdict in favor of Safley Construction Company. On appeal two arguments are made. The first relates to this instruction, which was refused by the trial court and reads:

> A prime contractor is liable to employees of a subcontractor who are injured as a result of the prime contractor's negligent failure to perform its contract by which it undertakes to supervise construction and see that safety laws and regulations are complied with, and agrees to maintain safety precautions and practices for the project, including employees of subcontractors.

> The fact that a subcontractor also agrees to comply with safety laws and regulations, and to maintain safe work practices, does not absolve the prime contractor of liability.

The trial court found there was no evidence that Safley was guilty of any negligence under the contract's safety programs that could have caused this accident. The trial court was correct as it

observed:

> I'm not going to give any instruction, that is, I am going to refuse any instruction offered me along that line. Here's the thing about it, on the safety program you furnish gloves to your employees, you furnish hard-toed shoes, you furnish hard hats, that's your safety programs, what you can do to avoid accidents.

> You can tell them, but it won't do any good—don't run trucks into solid objects at a great speed; don't shoot yourself; don't run cranes into power lines; don't let dynamite explode in your hands, those type things. All the safety programs in the world aren't going to guarantee this thing won't happen.

■ No evidence was offered that anything Safley could have done by way of a safety program could have prevented the negligent act that occurred in this case. So the court was right in denying the instruction.

■ The trial court is further justified in denying the instruction because it is biased in favor of the appellants' case. An instruction must be simple, brief, impartial and free from argument. Per Curiam, April 19, 1965; *Beaumont* v. *Robinson*, 282 Ark. 181, 668 S.W.2d 514 (1984) (supplemental opinion).

■ The second argument relates to the trial court's instructing the jury as to intervening proximate cause. AMI 503. The argument is meritless because it was a question for the jury to decide if the crane operator's negligence in contacting or coming close to the power lines was an intervening cause. The crane operator, Moore, was one of Central Boring's employees and was an experienced and competent crane operator. Moore was familiar with the dangers involved; there were warning signs on the truck regarding operation near power lines. AP&L foremen warned the crews on two occasions about operating the crane close to the lines. Gary Paul, deceased, was experienced in the work; he knew of the danger. He was giving signals to Moore for positioning of the crane just prior to the accident. There was sufficient evidence to justify giving this instruction.

This was a question of foreseeability—that is, should Safley have foreseen that an experienced crane operator would negli-

gently operate his crane and injure or kill a fellow employee? The jury was properly instructed.

Affirmed.

PURTLE, J., not participating.